791 So.2d 313 (2001)
Jeffery SCOTT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01549-COA.
Court of Appeals of Mississippi.
July 24, 2001.
*314 Jeffery Scott, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Jeffery Scott was found guilty of aggravated assault and attempted armed robbery by a Copiah County Circuit Court jury. Almost four years later, Scott sought post-conviction relief. The circuit court dismissed the petition finding that it was time barred. We agree and affirm.

DISCUSSION
¶ 2. On July 25, 1996, Scott was convicted of aggravated assault and attempted armed robbery. He was sentenced on August 9, 1996. More than three years later, in May of 2000, Scott filed a pro se petition for post-conviction relief. Scott argued that he was denied effective assistance of counsel when his attorney failed to perfect a direct appeal. He argues that protection of his constitutional rights requires that the time bar applied by the circuit court be ignored.
¶ 3. The time limitation in issue here is established in the post-conviction relief statutes themselves. When no appeal from the conviction was taken, relief must be sought within three years from the date that the time for taking an appeal expired. Miss.Code Ann. § 99-39-5(2) (Rev.2000). The statute waives the time bar when the supreme court of this state or of the United States has handed down a decision that would have changed the outcome of the case, when new and nearly conclusive exculpatory evidence is presented that had not been reasonably discoverable at the time of trial, or when the argument is that the sentence has expired or that probation or parole has been improperly revoked. Id.
¶ 4. Scott makes none of the necessary allegations for exemption from the statute of limitations. He argues that additional exemptions must be created to protect his fundamental constitutional right to effective counsel. It is true that an exception to procedural bars may be found if a fundamental constitutional right would otherwise be denied. Luckett v. State, 582 So.2d 428, 430 (Miss.1991). Even so, a mere claim of ineffective assistance of counsel is not enough to overcome the statute of limitations for filing a post conviction relief petition. Bevill v. State, 669 So.2d 14, 17 (Miss.1996). See also Cole v. State, 608 So.2d 1313, 1319-20 (Miss.1992) ("a state may attach reasonable time limitations to the assertion of federal constitutional rights").
¶ 5. We find no error in the denial of relief.
¶ 6. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COPIAH COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.