¶ 1. Charles Isaac has appealed from a denial of post-conviction relief by the Circuit Court of Oktibbeha County, Mississippi, Robert L. Goza, special circuit court judge presiding.
¶ 2. Isaac entered a guilty plea to the crime of business burglary and was sentenced to serve five years in the custody of the Mississippi Department of Corrections on February 3, 1989. Isaac completed his five year sentence and is currently serving a separate term for a different crime in a federal correctional facility in Yazoo City, Mississippi. On April 10, 2000, Isaac filed a motion to set aside and vacate his prior conviction and a motion to withdraw the guilty plea he entered on February 3, 1989. The circuit court denied relief to Isaac citing that the three year statute of limitations for post-conviction relief began running on the date his plea of guilty was entered and had passed.
¶ 3. Isaac appeals to this Court alleging fatal errors on the part of his attorney and the trial court for not properly advising him of his rights before he entered his final guilty plea on February 3, 1989, to the crime of business burglary.
 FACTS
¶ 4. Isaac was arrested for breaking and entering into the Farmhouse International Fraternity, Inc., in Oktibbeha County with the intent to steal goods therein. Isaac was indicted for the crime of business burglary on July 31, 1987. He pled guilty to this crime before the Circuit Court of Oktibbeha County, stating that he understood that, by doing so, he was giving up certain constitutional rights, including a trial by jury, that he was satisfied with the advice and counsel of his attorney and that he fully understood his guilty plea and its consequences. He now claims that his plea was invalid because he was not informed of certain rights and information that would have prevented him from pleading guilty. He requests that the guilty plea entered on February 3, 1989, now be withdrawn and his conviction overturned. *Page 690 
 STANDARD OF REVIEW
¶ 5. When faced with a lower court's judgment to deny a petition for post-conviction relief, a reviewing court may not disturb the court's findings unless they are found to be clearly erroneous. Brown v. State,731 So.2d 595, 598 (Miss. 1999); Bank of Mississippi v. Southern Mem'lPark, Inc., 677 So.2d 186, 191 (Miss. 1996).
¶ 6. Where there are questions of law raised, the appellate court must review the case de novo. Id.
 LEGAL ANALYSIS
¶ 7. Mississippi Code Annotated Section 99-39-5(2) provides that a motion for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act must be filed with the court no later than three years after the entry of judgment against a defendant who entered a guilty plea at the trial court level. Miss. Code Ann. § 99-39-5(2) (Rev. 2000). The only exceptions to this rule are laid out in the same statutory provision:
 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one year after conviction.
Miss. Code Ann. § 99-39-5(2) (Rev. 2000). See also Sneed v. State,722 So.2d 1255, 1257 (Miss. 1998). This statute governing post-conviction relief for defendants applies solely to a prisoner who is actually in the state's custody under a sentencing order by a Mississippi court on appropriate grounds. Miss. Code Ann. § 99-39-5(1); Hester v. State,749 So.2d 1221 (¶ 8) (Miss.Ct.App. 1999).
¶ 8. We need not address Isaac's complaints against his attorney and the lower court because it is clear that Isaac's motion for post-conviction relief has far exceeded the statutory limitations. See
Miss. Code Ann. § 99-39-5(2) (Rev. 2000). Isaac's guilty plea was accepted and his sentence ordered on February 3, 1989. Isaac's motion to set aside his prior conviction on the business burglary charge and to throw out his guilty plea on that same charge were filed on April 10, 2000, over eleven years later.
¶ 9. Furthermore, after looking at the record thoroughly, we are convinced that Isaac's case does not fall under any of the exceptions to the statutory limit of three years. There is simply no evidence that any decisions have been handed down by the Mississippi Supreme Court or the United States Supreme Court that would allow us to reevaluate Isaac's case and overturn his conviction. Also, the record is devoid of any ground-breaking evidence or facts that would serve to give us the authority to ignore the statute of limitations and conclude that Isaac would have most likely been found not guilty if he had gone to trial. While Isaac served out his entire five-year sentence for the crime of business burglary to which he pled guilty and that sentence is now expired, we find that none of Isaac's fundamental rights *Page 691 
were violated during his plea process and that his sentence was appropriate. See Sneed, 722 So.2d at 1257. The transcript of Isaac's plea hearing is clear in showing that Isaac pled guilty to the crime voluntarily, knowingly and intelligently and that he was satisfied with the advice of his lawyer. We find no credible evidence to the contrary.
¶ 10. Aside from all of this is the glaring reality that Isaac, while he may currently be a prisoner in a federal prison, is no longer a prisoner in the state system as required by the statute. Miss. Code Ann. § 99-39-5(1). Clearly then, the appropriate remedy for Isaac's claims does not lie under the Mississippi post-conviction relief statute. Id.See also Hester, 749 So.2d at (¶ 8).
¶ 11. We are convinced that the denial of Isaac's motion for post-conviction relief was proper. Isaac's untimely complaints warrant a decision by this Court that his guilty plea should stand and that, according to statute, it is far too late for Isaac to pursue these claims. Miss. Code Ann. § 99-39-5(2) (Rev. 2000).
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYINGTHE APPELLANT POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTSOF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., PAYNE, THOMAS, LEE,IRVING, MYERS AND CHANDLER, JJ., CONCUR.