792 So.2d 1016 (2001)
John Lee Curtis BURNETT, a Minor, a/k/a Emmett Joseph Lodree, II by his Mother and Next Friend, Aishah ISLAM, and Aishah Islam Individually, Appellants
v.
Lee Curtis BURNETT, Sr., Appellee.
No. 2000-CP-00841-COA.
Court of Appeals of Mississippi.
August 28, 2001.
*1017 John Lee Curtis Burnett by Aishah Islam, Appellants Pro Se.
James P. Cothren, Jackson, for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Hinds County Chancery Court, Honorable Stuart Robinson presiding. Aishah Islam filed a complaint for filiation and support against Lee Curtis Burnett, Sr. to determine whether Burnett was the father of Islam's child. After a blood test, Burnett stipulated to being the child's father, and an order was entered declaring Burnett would pay child support in the amount of $350 a month. Burnett also was ordered to pay three months of back child support and reimburse Islam $250 for the blood tests. The order also placed Islam in charge of providing the child's insurance. Islam has appealed to this Court and comes bringing four issues:
1. WHETHER THE CHANCERY COURT ABUSED ITS DISCRETION OR COMMITTED MANIFEST ERROR IN NOT AWARDING COST OF COURT AND BACK CHILD SUPPORT PAYMENTS FROM THE BIRTH OF THE MINOR OR FROM THE DATE OF THE FILING TO THE PRESENT?
2. WHETHER THE CHANCERY COURT ABUSED ITS DISCRETION OR COMMITTED MANIFEST ERROR IN ALLOWING THE APPELLEE TO CLAIM DEPENDENTS WHO ARE NOT RECOGNIZED BY A COURT ORDER OR ANY DEPENDENT WHO IS EMANCIPATED?
3. WHETHER THE CHANCERY COURT ABUSED ITS DISCRETION OR COMMITTED MANIFEST ERROR IN IGNORING THE BLATANT UNTRUTHFUL STATEMENTS OF APPELLEE'S FINANCIAL STATEMENT AND NOT AWARDING THE APPELLANT AN ACCURATE AMOUNT OF *1018 CHILD SUPPORT FOR THE MINOR CHILD?
4. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR OR ABUSED ITS DISCRETION WHEN STATING THAT THE APPELLANT WAS AWARDED CUSTODY OF THE MINOR CHILD IN THE ORDER OF FILIATION?
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. On August 9, 1999, Aishah Islam filed a complaint for filiation and support against Lee Curtis Burnett, Sr., on behalf of her son John Lee Curtis Burnett. During the course of this case, three separate hearings were held. Islam represented herself in all three proceedings. It should be noted the chancellor advised her it was in her best interest to hire counsel several times. The first hearing was held to determine whether Islam was the true plaintiff in this suit or whether the State was. Apparently, John Lee Curtis Burnett had received some benefits from the State, such as Medicaid, and the State claimed that any back child support awarded would rightfully be the State's. There is no mention in the record of how the judge decided on this issue; however, it is obvious the lower court held Islam was the rightful plaintiff in this case.
¶ 3. The second hearing centered around Islam seeking an order from the court declaring Burnett the child's father. This was due to the fact Burnett had yet to have the blood test performed. This hearing ended with the trial judge scheduling both the blood test and the next hearing. The chancellor also noted he had received Burnett's financial records from his employer.
¶ 4. The third hearing dealt with the results of the blood test and child support. After seeing the results of the blood test, Burnett stipulated on the record he was indeed the child's father. Islam and Burnett testified as to what their respective earnings were. The court was also provided with the documents necessary to determine their wages: W 2 forms and Burnett's financial declarations. Burnett testified he had five children, including the child he had with Islam. Burnett testified the four other children were three boys (the eldest of which he had custody and who was currently in college, and the two younger boys were in their mother's custody) and one daughter, who lived with Burnett's mother. Burnett testified he was ordered in his divorce to pay his ex-wife $340 per month for child support of his two sons. Burnett also testified one of those sons lived with him, as did his eldest son. Islam asked the chancellor for a recess so she could review some court documents, and the chancellor ended the hearing by having a bench conference with the parties not recorded in the trial transcripts.
¶ 5. On April 19, 2000, the chancellor entered an order declaring Burnett was the child's putative father and would pay child support in the amount of $350 a month. Burnett was also ordered to pay three months of back child support and reimburse Islam $250 for the blood tests. The order also placed Islam in charge of providing the child's insurance and declared Islam to have custody of the child.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 6. This Court has a limited standard of review in examining the decisions of a chancellor. McNeil v. Hester, 753 So.2d 1057 (¶ 21) (Miss.2000). A chancellor's findings will not be disturbed upon review by this Court unless the chancellor was manifestly wrong, clearly erroneous, *1019 or applied the wrong legal standard. Bank of Mississippi v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992). "The standard of review employed by this Court for review of a chancellor's decision is abuse of discretion." McNeil, 753 So.2d (¶ 21). The standard of review for questions of law is de novo. Consolidated Pipe & Supply Co. v. Colter, 735 So.2d 958, 961 (Miss. 1999).

ANALYSIS
¶ 7. Before this case came before this Court, the Appellee, Burnett, filed a motion to strike Islam's brief. This motion was passed for consideration from the Mississippi Supreme Court to this Court, and it now comes time for this Court to rule on this motion. Burnett filed this motion because the Appellant's brief in this case relies heavily on facts not present in the trial record and because the Appellant has added exhibits to her brief. These exhibits are copies of documents the Appellant did not offer as evidence at trial and simply placed in her brief.
¶ 8. It is well known that this Court will only consider facts found within the trial record. Colenburg v. State, 735 So.2d 1099(¶ 6) (Miss.Ct.App.1999). This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law. Henderson v. State, 783 So.2d 769(¶ 4) (Miss.Ct.App. 2001). As this is the case, we hereby grant the Appellee's motion to strike the portions of the Appellant's brief which contain facts not found in the trial record and also strike the Appellant's exhibits. Therefore, this Court holds that issues two and three are hereby dismissed, as they rely almost exclusively on facts not found within the record, and issues one and four are limited to facts found in the record.

1. WHETHER THE CHANCERY COURT ABUSED ITS DISCRETION OR COMMITTED MANIFEST ERROR IN NOT AWARDING COST OF COURT AND BACK CHILD SUPPORT PAYMENTS FROM THE BIRTH OF THE MINOR OR FROM THE DATE OF THE FILING TO THE PRESENT?
¶ 9. In raising this issue, Islam claims the chancellor was in error by failing to grant her court costs and in only granting her three months worth of "back child support." Islam cites to several sections of the Mississippi Code including § 93-9-11 (which sets the limit on a father's liability for past, necessary support and maintenance to one year), § 93-9-29 (stating the order of filiation should state how past and necessary support should be paid), and § 93-9-45 (requiring that after the order of filiation is made, the father should be made to pay court costs). Miss.Code Ann. §§ 93-9-11, 93-9-29, 93-9-45 (Rev.1994). Islam claims the chancellor should have ordered Burnett to pay one full year's worth of said support and the costs of the trial.
¶ 10. The one-year limitation on a father's liability for past, necessary support and maintenance set out in § 93-9-11 is just what it says it is, a limit. This one-year limitation is in no way a statutory requirement on the amount of support a father should be ordered to pay. Matters such as these are left to the discretion of the chancellor, and after examining the record in this case, there is no evidence the chancellor abused his discretion on the matter of support. McNeil, 753 So.2d at (¶ 21). Therefore, this Court affirms as to the chancellor's grant of three months past, necessary support and maintenance.
¶ 11. Islam's argument regarding § 93-9-45 is a more convincing than the one she makes above. Dealing with attorney's fees is not a problem here because *1020 Islam appeared pro se. Nowhere in the trial transcript is there any record of how much Islam paid in court costs. The only record of any money being spent on court costs is found within the pleadings. On the copy of the complaint Islam filed against Burnett, there is a notation stating that ninety-two dollars was paid by Aishah Islam. Also, in Islam's certificate of compliance with Rule 11 of the Mississippi Rules of Appellate Procedure, the costs of certifying the record for appeal is listed as $239 which was paid by Islam.
¶ 12. The problem with this argument is the two preceding examples of costs were all that was offered. No proof was placed in the trial records; no affirmative evidence was offered; and no evidence was shown to prove Islam had confirmed her costs of court with the trial court. This was it. This Court's review of the holdings of a chancellor is limited, and this Court can only base its rulings upon evidence found within the record. McNeil, 753 So.2d at (¶ 21); Colenburg, 735 So.2d at (¶ 6). Therefore, this Court holds that the chancellor did not abuse his discretion in failing to grant court costs to the Appellant. We affirm as to both the chancellor's denial of a full year of support and denial of court costs.

4. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR OR ABUSED HIS DISCRETION WHEN STATING THAT THE APPELLANT WAS AWARDED CUSTODY OF THE MINOR CHILD IN THE ORDER OF FILIATION?
¶ 13. In this issue, Islam points out the chancellor stated at the beginning of the trial that custody would not be an issue, and therefore the chancellor was wrong in awarding her custody. This is a moot point.

CONCLUSION
¶ 14. This Court grants the Appellee's motion to strike the portions of Appellant's brief containing facts not found in evidence. This Court also holds the chancellor did not abuse his discretion by granting only three months of past support and maintenance, and also did not abuse his discretion by not awarding court costs. This Court finds the Appellant's fourth issue moot.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.