803 So.2d 1282 (2002)
Reginald Raynard SHAW a/k/a Reginald R. Shaw, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00403-COA.
Court of Appeals of Mississippi.
January 8, 2002.
*1283 Reginald Raynard Shaw, Appellant, pro se.
Office of the Attorney General, by John R. Henry Jr., Booneville, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., for the Court.
¶ 1. This case comes from the Circuit Court of Harrison County, Honorable Kosta N. Vlahos presiding. Reginald Raynard Shaw pled guilty to three different narcotic offenses in 1989. In July of 2000, Shaw filed a motion for post-conviction relief, which was denied. Shaw has appealed the trial court's ruling and comes now bringing one issue:
WHETHER THE DENIAL BY THE HARRISON COUNTY CIRCUIT COURT TO ISSUE WRIT WAS "PLAIN ERROR" WHEN APPELLANT PROVIDED EVIDENCE AND "PROOF" THAT HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED DURING HIS SENTENCING HEARING.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. Reginald Shaw pled guilty to two counts of possession of a controlled substance and one count of possession of a controlled substance (less than one ounce) with intent to distribute on August 8, 1989. Shaw was sentenced to three years for each count in the custody of the Mississippi Department of Corrections, with each count running consecutively for a total of nine years. The trial judge suspended two years of Shaw's sentence, leaving Shaw a total of seven years to serve.
¶ 3. According to assertions found within both Shaw's and the State's briefs, Shaw finished serving his sentence, but got into more trouble in 1998, causing him to be sentenced to a federal penitentiary. His previous conviction in the State of Mississippi was used as an enhancing factor in his federal sentence. On March 7, 2000, Shaw filed a motion for post-conviction relief in order to have his guilty plea set aside. The Harrison County Circuit Court denied Shaw's motion as time barred.

STANDARD OF REVIEW
¶ 4. "This Court reviews the denial of post-conviction relief under an abuse of discretion standard." Andrews v. State, 791 So.2d 902 (¶ 4) (Miss.Ct.App.2001).
¶ 5. In dealing with the voluntariness of guilty pleas, this Court will not set aside the findings of the trial court unless they are clearly erroneous. Pleas v. State, 766 So.2d 41 (¶ 4) (Miss.Ct.App.2000). In addition, a guilty plea meets constitutional requirements when it is freely and voluntarily entered. Id. at (¶ 4).

ANALYSIS
WHETHER THE DENIAL BY THE HARRISON COUNTY CIRCUIT COURT TO ISSUE WRIT WAS "PLAIN ERROR" WHEN APPELLANT PROVIDED EVIDENCE AND "PROOF" THAT HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED DURING HIS SENTENCING HEARING.
¶ 6. In raising this issue, Shaw challenges his guilty plea on the grounds the trial court failed to read Shaw the rights he was waiving by pleading guilty during his plea hearing. Shaw states the trial court did not make it clear which rights he *1284 was giving up, and therefore his guilty plea was not knowingly and intelligently entered. Shaw argues the trial court should have granted him an evidentiary hearing in order for him to present this issue. The State counters by pointing out Shaw's petition is time barred.
¶ 7. A large problem with Shaw's petition is that Shaw has already served his sentence. While this is not expressly made clear in the record, there are assertions made within the briefs which point out Shaw is currently serving a prison sentence for a federal crime. This Court cannot base judgments on assertions made within briefs. Burnett v. Burnett, 792 So.2d 1016 (¶ 8) (Miss.Ct.App.2001). However, Shaw was sentenced in 1989, and his sentence was for nine years, two of which were suspended, leaving a total of seven years for him to serve. Therefore, Shaw's sentence would have expired in August of 1996. Mississippi Code Annotated Section 99-39-5(1), which deals with the grounds for relief afforded by our post-conviction statutes, clearly states "[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims...." Miss.Code Ann. § 99-39-5(1) (Rev.2000). This language indicates that for someone to be able to take advantage of our post-conviction laws they must be currently incarcerated for a crime for which they were convicted by a Mississippi court. Because it appears Shaw is no longer incarcerated for the crimes he was convicted for in 1989, then he is unable to challenge his guilty plea through the use of a motion for post-conviction relief. For this reason, we must affirm.
¶ 8. The statute of limitations for filing a petition for post-conviction relief is three years after a guilty plea is entered. Miss. Code Ann. § 99-39-5(2) (Rev.2000). Shaw pled guilty in 1989, making 1992 the year which marked the running of the statute. Therefore, the statute of limitations in this case has run. Shaw argues his case falls into the exception to the statute of limitations which allows a petitioner to file after the statute has run if a fundamental right is involved. The statute states:
Excepted from the three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence
Miss.Code Ann. § 99-39-5(2) (Rev.2000). Shaw argues his fundamental right to enter a knowing and intelligent guilty plea is involved because the trial court never explained to him the rights he was giving up by pleading guilty. If Shaw had filed this motion for post-conviction relief within the three-year statutory period, and while he was still serving his sentence, then perhaps his claim would deserve more merit. However, our post-conviction statutes are available only to those serving a sentence for the crime for which they were convicted by a Mississippi court of record. Since Shaw is not currently incarcerated for his Mississippi drug conviction, then the issue of whether the statute of limitations has run is moot.
¶ 9. It should be noted that the rules governing post-conviction relief in this State limit the number of counts a petitioner can challenge to one count per filing. Section 99-39-9(2) states:
A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to *1285 attack the validity of other judgments under which he is in custody, he shall do so by separate motions.
Miss.Code Ann. § 99-39-9(2) (Rev.2000). Shaw has challenged three counts of which he was convicted in the same petition. By statute, Shaw can only challenge one count in one petition.

CONCLUSION
¶ 10. Because Shaw is no longer serving a sentence for a crime for which he was convicted by a Mississippi court of record, then this Court must dismiss his claim. Also, since Shaw has filed for post-conviction relief for three counts in the same petition, then this Court must dismiss his motion as it does not fulfill the statutory requirements of the Miss.Code Ann. § 99-39-9(2) (Rev.2000). Therefore, we affirm the holding of the trial court, but for a different reason as previously discussed.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.