BRIDGES, J.,
for the court.
¶ 1. Todd Brinkley commenced an action to determine paternity of the child of Kimberley Hill in the Chancery Court of Pren-tiss County. Hill brought a cross-complaint seeking child support. The court found that Brinkley was the father of Hill’s child, and ordered him to pay child support in the amount of $35 per week. Hill filed a motion to reconsider asking the court to require Brinkley to pay past-due child sup *780 port; Brinkley filed a response asking for visitation rights. The court denied Hill’s motion and in its supplemental order granted Brinkley visitation rights. Hill filed a second motion to reconsider, which the court also denied.
STATEMENT OF THE ISSUES
I. DID THE COURT ERR WHEN IT DID NOT ORDER BRINKLEY TO PAY PAST-DUE CHILD SUPPORT?
II. DID THE COURT ERR WHEN IT GRANTED BRINKLEY VISITATION RIGHTS?
FACTS
¶ 2. Brinkley is the natural father of an infant child born to Kimberly Hill. After the child’s birth, Brinkley reached an agreement with Hill and her parents to provide child support of $35 per week, which he paid from the time of the child’s birth in October 2000 until mid-February 2001. Around Valentine’s Day, 2001, Brinkley and Hill got into an argument involving Hill’s current boyfriend, and Brinkley stopped visiting his infant child. However, Brinkley continued to send money to Hill according to the terms of their agreement. Hill stopped cashing Brinkley’s checks, and Brinkley brought the complaint that resulted in this appeal.
ANALYSIS
I. DID THE COURT ERR WHEN IT DID NOT ORDER BRINKLEY TO PAY PAST-DUE CHILD SUPPORT?
¶ 3. This Court will not disturb the rulings of a chancellor absent manifest error or great injustice. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995). Hill assigns as error the court’s decision that Brinkley not pay arrears of child support covering the period from January 27, 2001 until June 11, 2001. Hill makes a novel argument that the statutory one-year limitation on the noncustodial parent’s liabilities for past education and support is in actuality a period of mandatory support. The statute creates no such duty. Burnett v. Burnett, 792 So.2d 1016, 1019(¶ 10) (Miss.Ct.App.2001).
¶ 4. In fact, the text of the statute, which we quote here in full to enlighten the blinkered, is an example of the old expression inclusio unius est exclusio alterius: “The noncustodial parent’s liabilities for past education and necessary support and maintenance and other expenses are limited to a period of one (1) year next preceding the commencement of an action.” Miss.Code Ann. § 93-9-11 (Rev.1994). The plain meaning of the statute is that if past support is required (a legal determination to be made by the chancellor) then the most past support that the non-eusto-dial parent can be liable for is one year. Upon review we find that the chancellor was well within his discretion, and did not err.
II. DID THE COURT ERR WHEN IT GRANTED BRINKLEY VISITATION RIGHTS?
¶ 5. In reviewing Brinkley’s visitation rights, we peer through the lens of the chancellor’s discretion, reversing him only if he is manifestly wrong. Rushing v. Rushing, 724 So.2d 911, 916(¶ 24) (Miss.1998). The polestar consideration in determinations of custody and visitation is the best interest of the child. Id. Hill maintains that the chancellor abused his discretion in granting Brinkley rights of overnight visitation with his child in his parents’ home while Brinkley’s parents were present.
¶ 6. These rights of visitation are hardly unfettered. When examining the *781 record it is impossible to escape the conclusion that the chancellor was not impressed by Brinkley’s parenting skills and inclinations. However, the chancellor limited any overnight stays in the child’s first year of life to times when Brinkley’s parents were present. The equally inescapable conclusion that we may draw from this decision is that the chancellor was able to reconcile Brinkley’s right to visitation as the child’s natural father with the child’s best interests only with some caveats. No evidence of abuse or neglect while the child was in Brinkley’s care was presented; Hill’s sole objection is that Brinkley and his parents cannot provide the kind of care that she and her parents can.
¶ 7. This explains why Hill is the parent with primary custody, but it can hardly suffice to disqualify Brinkley from meaningful visitation rights with his infant child. We find that there was no abuse of discretion.
CROSS-APPEAL
I. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT ORDER THE FATHER TO PAY CHILD SUPPORT AS OUTLINED IN MISSISSIPPI CODE ANNOTATED § 93-11-65.
II. WHETHER THE CHANCELLOR ERRED WHEN HE ORDERED OVERNIGHT VISITATION WITH THE CHILD OF LESS THAN ONE YEAR OF AGE WITH THE FATHER WHEN THE FATHER HAD NOT EXERCISED VISITATION FOR APPROXIMATELY FIVE MONTHS.
¶ 8. In reviewing Brinkley’s cross-appeal issue concerning child support, this Court finds that the chancellor was well within his discretion, and therefore, did not err in not ordering Brinkley to pay child support as outlined in Mississippi Code Annotated § 93-11-65. This issue was thoroughly addressed in paragraphs three and four of this opinion.
¶ 9. With regards to Brinkley’s cross-appeal issue concerning visitation, this Court finds that the Chancellor has broad discretion in the determination of visitation and restrictions and limitations of such visitation. When the chancellor determines visitation this Court gives great deference to the chancellor’s decision. Rushing, 724 So.2d at (¶ 24). Given that the record reflects the chancellor found that there was some detriment to unsupervised visitation with the child the chancellor was well within his discretion to order visitation with the minor child at the home of his father, and under supervision of Brinkley’s parents.
¶ 10. Therefore, all matters as to the cross-appeal have no merit and the judgment of the chancery court is affirmed.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF PRENTISS COUNTY IS AFFIRMED AS TO THE DIRECT APPEAL AND AS TO THE CROSS-APPEAL. ALL COSTS ARE ASSESSED EQUALLY TO APPELLANT AND APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.