856 So.2d 568 (2003)
Desmond Earl PHILLIPS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00195-COA.
Court of Appeals of Mississippi.
May 20, 2003.
Rehearing Denied August 19, 2003.
*569 Desmond Earl Phillips (pro se), attorney for appellant.
Office of the Attorney General by: Billy L. Gore, attorney for appellee.
Before KING, P.J., THOMAS, and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Desmond Earl Phillips, pro se, appeals an order of the Circuit Court of Lafayette County, Mississippi, denying his petition for post-conviction relief. Aggrieved, he asserts the following issues:
I. APPELLANT IS NOT BARRED FROM PROSECUTING THIS CIVIL CAUSE, ESPECIALLY WHERE APPELLEE WILL NOT BE PREJUDICED THEREBY.
II. THE CIRCUIT COURT JUDGE WAS ASSIGNED TO THIS CASE ERRONEOUSLY, THUS, SHOULD HAVE RECUSED HIMSELF.
III. THE CIRCUIT COURT JUDGE ERRONEOUSLY DENIED APPELLANT AN EVIDENTIARY HEARING BY VIOLATING THE "LAW OF THE CASE" DOCTRINE.
Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 2. Desmond Earl Phillips pled guilty to a reduced charge of conspiracy to commit forgery on April 12, 1983. On July 11, 1983, Phillips was sentenced to five years, which was suspended, and he was placed on probation for a period of five years. On April 9, 1999, Phillips filed a "Petition for Post-Conviction Relief from Prior Judgment of Conviction Used to Enhance Current Sentence," claiming he was never informed that by pleading guilty he was waiving his right against self-incrimination. On August 18, 2000, Phillips filed a supplemental brief alleging that his suspended sentence was not authorized by statute and was illegal because when he pled guilty he already had a prior conviction. Circuit Judge Kenneth Coleman dismissed the motions without an evidentiary hearing, ruling that the claims were time barred. Phillips then filed a motion to amend, alter, and vacate order, and also requested that Judge Coleman recuse himself. Judge Coleman granted this motion. Circuit Judge Henry Lackey was assigned the case and denied Phillips' motions as being time barred. Phillips again filed motions to amend, alter, and vacate order, and for Judge Lackey to recuse himself. These motions were denied and Phillips perfected his appeal to this Court.

ANALYSIS

I. IS APPELLANT BARRED FROM PROSECUTING THIS CIVIL CAUSE, WHERE APPELLEE WILL NOT BE PREJUDICED THEREBY?
*570 ¶ 3. Phillips asserts that he is not barred from bringing his motion for post-conviction relief because it is in regard to an illegal sentence and is therefore exempt from the time bar as a fundamental right. United States v. Sine, 461 F.Supp. 565, 568 (D.C.S.C.1978). According to Phillips, he had prior felony convictions on his record and therefore his being given a suspended sentence and probation was illegal under Miss.Code Ann. § 47-7-33 (Rev.2000).
¶ 4. This Court reviews the denial of post-conviction relief under an abuse of discretion standard. Mitchell v. State, 754 So.2d 519, 521(¶ 7) (Miss.Ct.App.1999). As in the case of Shaw v. State, 803 So.2d 1282 (Miss.Ct.App.2002), there is a problem in that Phillips has already served the sentence for which he now complains. Phillips was sentenced to five years, which was suspended, and was placed on probation for five years in 1983. Therefore, his sentence expired in 1988. Mississippi Code Annotated Section 99-39-5(1), which deals with the grounds for relief afforded by our post-conviction statutes, clearly states "[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims that the conviction or the sentence ..." Miss.Code Ann. § 99-39-5(1) (Rev.2000). This language indicates that for someone to be able to take advantage of our post-conviction laws they must be currently incarcerated for a crime for which they were convicted by a Mississippi court. Shaw, 803 So.2d at 1284(¶ 7). Because it appears Phillips was never incarcerated for the crimes he was convicted for in 1983 and is no longer on probation for them, then he is unable to challenge the sentence through the use of a motion for post-conviction relief. Id.
¶ 5. The statute of limitations for filing a petition for post-conviction relief is three years after a guilty plea is entered. Miss.Code Ann. § 99-39-5(2) (Rev.2000). Phillips pled guilty in 1983, but § 99-39-5(2) was not passed until April 17, 1984. When a conviction predates the adoption of the post-conviction relief statutes in 1984, the inmate has three years in which to file a petition for relief. Odom v. State, 483 So.2d 343, 344 (Miss.1986). Therefore, Phillips' last opportunity to seek post-conviction remedies ended in 1987. Phillips argues that his case falls into the exception to the statute, which states as follows:
Excepted from the three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
Miss.Code Ann. § 99-39-5(2) (Rev.2000). Phillips argues his fundamental right to enter a knowing and intelligent guilty plea is involved because the trial court never explained to him the rights he was giving up by pleading guilty. If Phillips had filed this motion for post-conviction relief within the three-year statutory period, and while he was still serving his sentence, then perhaps his claim would have more merit. However, our post-conviction statutes are available only to those serving a sentence for the crime for which they were convicted by a Mississippi court of record. Since Phillips is not currently incarcerated for his conspiracy to commit forgery conviction for which he now complains, then the issue of whether the statute of limitations has run is moot. Shaw, 803 So.2d at 1284(¶ 8).

*571 II. WAS THE CIRCUIT COURT JUDGE ASSIGNED TO THIS CASE ERRONEOUSLY, THUS, SHOULD HE HAVE RECUSED HIMSELF?
¶ 6. Phillips contends that Judge Lackey should have recused himself because he was assigned Phillips' case by Judge Coleman, who recused himself because he was the district attorney at the time Phillips was indicted. Lacking any showing of impropriety or the appearance of partiality, Phillips fails to demonstrate any reason to this Court why he should be allowed to overcome the time bar which took effect over sixteen years ago. This issue is without merit.

III. DID THE CIRCUIT COURT JUDGE ERRONEOUSLY DENY APPELLANT AN EVIDENTIARY HEARING BY VIOLATING THE "LAW OF THE CASE" DOCTRINE?
¶ 7. Phillips asserts that an order was issued on October 18, 1999, which authorized an evidentiary hearing. This evidentiary hearing never occurred, because the trial court dismissed Phillips' motion for post-conviction relief due to the time bar. The trial court did not err in dismissing Phillips' motion under Miss. Code Ann. § 99-39-5(2) (Supp.2002) as being time barred. The statute waives the time bar when the supreme court of this State or of the United States has handed down a decision that would have changed the outcome of the case, when new and nearly conclusive exculpatory evidence is presented that had not been reasonably discoverable at the time of trial, or when the argument is that the sentence has expired or that probation or parole has been improperly revoked. Id. Scott v. State 791 So.2d 313, 314(¶ 3) (Miss.Ct.App. 2001). Phillips fails to meet any of these requirements. This issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.