GRIFFIS, J., for the Court.
¶ 1. Ronnie Harris appeals the denial of his motion for post-conviction relief from a conviction in which he received a sentence of five years. Harris contends that his conviction and sentence should be vacated and set aside because it violates his fundamental right to due process. Finding no error, we affirm.
FACTS
¶ 2. In 1985, Harris pled guilty in the Circuit Court of Oktibbeha County to burglary and was sentenced to five years. In 2002, Harris filed a motion for post-conviction relief from the 1985 burglary conviction. Harris argued that the indictment was defective, and that it resulted in an illegal sentence. In the motion, Harris asserted that his previous conviction of burglary, the one in question, was wrongly *1252 used as an enhancing factor in subsequent sentences. Harris was subsequently indicted for burglary as a habitual offender, escape as a habitual offender, and aggravated assault as a habitual offender. Harris was convicted and sentenced to a term of twenty-eight years. The circuit court summarily denied the motion for post-conviction relief.
LAW AND ANALYSIS
¶ 3. We will not address Harris’s claim that the-indictment was defective because he is no longer serving the sentence of which he complains. Shaw v. State, 803 So.2d 1282, 1284(¶ 7) (Miss.Ct.App.2002). The post-conviction relief statutes are an avenue for persons “in custody under sentence of a court of record” to seek relief from the conviction or sentence. Miss. Code Ann. Section 99-39-5(1) (Supp.2003). Harris is presently a prisoner within the jurisdiction of the Mississippi Department of Corrections. However, he is not being held under the sentence of which he complains. Harris’s 1985 sentence of five years expired in 1990, twelve years before the filing of his post-conviction relief motion. Furthermore, Harris has not provided this Court with any proof that he is still serving the sentence nor does he allege that he is still serving that particular sentence. Therefore, the post-conviction relief statutes provide him no remedy. Miss. Code Ann. § 99-39-5(1) (Supp.2003); Shaw, 803 So.2d at 1284(¶ 7). Thus, we affirm.
¶ 4. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.