IRVING, J.,
for the Court.
¶ 1. Desmond Earl Phillips filed a petition for post-conviction relief, attacking the validity of his prior burglary convictions which were used to enhance the sentence for a later cocaine conviction. The trial judge dismissed the petition without a hearing, and Phillips appealed raising the following issues: (1) the trial judge erred in dismissing his (Phillips’s) petition as time barred, and (2) the trial judge erred in dismissing the petition without conducting an evidentiary hearing.
¶ 2. Finding no reversible error, we affirm the trial judge’s dismissal of Phillips’ petition.
FACTS
113. In November 1979, Phillips pleaded guilty to two counts of burglary and was sentenced to ten years on each count. The trial judge suspended six years of each sentence and allowed Phillips to serve the four remaining years of each sentence concurrently.
¶ 4. In April 1983, Phillips pled guilty to a reduced charge of conspiracy to commit forgery and received a five-year suspended sentence and was placed on probation. Thereafter, in October 1988, Phillips was convicted of possession of cocaine with intent to distribute. As a result of his prior guilty pleas, he was sentenced as a habitual offender to thirty years in the custody of the Mississippi Department of Corrections.[1]
¶ 5. In April Í999, Phillips filed two separate petitions for post-conviction relief. In his first petition, Phillips attacked the voluntariness of his 1979 burglary pleas. Phillips alleged that neither the trial judge nor his attorney advised him of his right against self-incrimination. In the second petition, Phillips attacked his forgery plea and similarly alleged that he was not advised of his right against self-incrimination.
¶ 6. In July 2001, the trial judge entered an order summarily dismissing Phillip’s petition attacking his forgery plea. Phillips appealed the dismissal of that petition, and this Court affirmed the trial judge in an opinion. Phillips v. State, 856 So.2d 568 (Miss.Ct.App.2003).
¶ 7. In December 2003, Phillips filed a memorandum in support of the remaining petition attacking his 1979 burglary pleas which had not yet been decided by the trial court. In February 2004, the trial judge entered an order summarily dismissing Phillips’ petition as time barred. Additional facts will be related during our discussion of the issues.
*332 ANALYSIS AND DISCUSSION . OF THE ISSUES

(1) Timeliness of Petition

¶ 8. Phillips first contends that the trial judge erred in dismissing his petition as time barred. The State, however, counters that Phillips failed to file his motion for post-conviction relief within the three-year statutory time frame.
¶ 9. Mississippi Code Annotated section 99-39-5(2) (Supp.2004), which governs post-conviction proceedings, provides in pertinent part that:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
¶ 10. “This act applies prospectively from its date of enactment, April 17,1984.” Odom v. State, 483 So.2d 343, 344 (Miss.1986). “Individuals convicted prior to April 17, 1984, have three (3) years from April 17,1984, to file their petition for post conviction relief.” Id. Those individuals convicted after April 17, 1984, generally have three (3) years in yihich to file a petition for relief. Id.
¶ 11. Phillips entered his guilty plea in November 1979, prior to the enactment of section 99-39-5. Therefore, he had three years from April 17, 1984, the date of its enactment, to file his petition. This Court finds that since Phillips failed to file his petition within the statutory time frame, the trial judge was correct in dismissing Phillip’s petition as time barred. As a result, this issue is without merit.

(2) Evidentiary Hearing

¶ 12. Phillips next'argues that the trial judge erred in failing to conduct an eviden-tiary hearing before dismissing his petition. However, Mississippi Code Annotated section 99-39-19 (Rev.2000) makes clear that an evidentiary hearing is not required when there is no genuine issue of material fact. Similarly, Mississippi Code Annotated section 99-39-11(2) (Rev.2000), which governs summary disposition of motions, provides for the following: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.”
¶ 13. A review of the record reveals that the trial judge did not err in dismissing Phillips’ petition without an evidentiary hearing. Here, the trial judge found that Phillips’ petition was time barred; therefore, there was no genuine issue of material fact to consider.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. The record indicates that in July 1984, Phillips was also sentenced as a habitual offender to serve three years for the crime of burglary. The record further notes that the State waived the mandatory maximum sentence.