GRIFFIS, J.,
for the Court.
¶ 1. James Morris pled guilty to aggravated assault in the Circuit Court of Sunflower County on October 28, 1982. Morris was sentenced to three years in the custody of the Mississippi Department of Corrections. On May 18, 2004, Morris filed a petition for a writ of error coram nobis. The trial court treated Morris’s petition as a motion for post-conviction relief and dismissed the motion as time-barred.
¶ 2. Morris appeals to this Court asserting that his petition was incorrectly treated as a motion for post-conviction relief. He also argues that his petition was not time barred. Finding these issues to be without merit, we affirm the dismissal of post-conviction relief.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
ANALYSIS

I. Whether the trial court erred in construing Morris’s petition as a motion for post-conviction relief and thus finding it procedurally barred.

¶ 4. The post-conviction relief statutes explicitly replaced the writ of error coram nobis. Miss.Code Ann. § 99-39-3(1) (Rev.2000). This statute states that the writ was “abolished” and the “relief formerly accorded by such writs may be obtained by an appropriate motion under” the post-conviction relief statutes. Id. Thus, the trial court was correct to construe Morris’s motion as a petition for post-conviction relief.
¶ 5. Furthermore, Morris did not file his petition in a timely manner. According to Mississippi Code Annotated Section 99-39-5(2) (Supp.2003), “[a] motion for relief under this article shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” As Morris entered his guilty plea on October 28, 1982, and his motion for relief was filed almost nineteen years later, we find that the motion was properly dismissed as time-barred.

II. Whether Morris was denied due process of law.

¶ 6. Morris also argues that the indictment was defective, and therefore, he was denied due process of law. However, we will not address Morris’s claim that the indictment was defective because he is no longer serving the sentence of which he complains. Shaw v. State, 803 So.2d 1282, 1284(¶ 7) (Miss.Ct.App.2002). The post-conviction relief statutes are an avenue for persons “in custody under sentence of a court of record” to seek relief from the conviction or sentence. Miss.Code Ann. § 99-39-5(1) (Supp.2003). Morris is presently a prisoner within the jurisdiction of the West Virginia Department of Corree- *809 tions. Moreover, he is not being held under the sentence of which he complains-. Morris’s 1982 sentence-of three years expired in 1985, nineteen years before the filing of his post-conviction relief motion. Furthermore, Morris has not provided this Court with any proof that he is still serving the sentence nor does he allege that he is still serving that particular sentence. Shaw, 803 So.2d at 1284(¶ 7). Therefore, the post-conviction relief statutes provide him no remedy. Miss.Code Ann. § 99-39-5(1) (Supp.2003); Id.
¶ 7. Finally, we will not hear Morris’s argument because we have previously ruled in section I of this opinion that this petition is procedurally barred. Thus, we affirm.
¶ 8. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ„ CONCUR.