914 So.2d 295 (2005)
Sammie DURANT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01839-COA.
Court of Appeals of Mississippi.
October 25, 2005.
*296 Sammie Durant (pro se).
Billy L. Gore, Office of the Attorney General, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. Sammie Durant pled guilty in the Circuit Court of Lowndes County to possession of a controlled substance with the intent to distribute. He was sentenced to ten years in the custody of the Mississippi Department of Corrections with five years to serve and five years suspended. Thereafter, Durant filed a motion for post-conviction relief. The trial judge denied the motion without a hearing, and Durant has appealed.

FACTS
¶ 2. On November 12, 1987, the Lowndes County grand jury indicted Sammie Durant for possession of a controlled substance with the intent to distribute. On May 11, 1988, Durant pled guilty to the charges set forth in the indictment, and according to Durant, he was sentenced to ten years with five suspended. On June 15, 2004, over sixteen years after Durant pled guilty to said charges, Durant filed a pro se motion for post-conviction relief. Durant raised several issues in his motion; however, the trial court dismissed said motion for being time barred according to Mississippi Code Annotated § 99-39-5 (Rev.2000). Durant appeals the trial court's dismissal. Durant is currently incarcerated in the Federal Correction Institution in Memphis, Tennessee.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 3. Post-conviction collateral relief is "to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal." Miss.Code Ann. § 99-39-3(2) (Rev.2000). Post-conviction relief is not the same or a substitute for a direct appeal.

STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless the findings are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss. 1999). However, the applicable standard of review is de novo where questions of law are raised. Id.
¶ 5. The Lowndes County Circuit Court dismissed Durant's post-conviction relief motion for being time barred in accordance with Mississippi Code Annotated § 99-39-5(2) (Rev.2000). We agree with the circuit court's ruling. Durant pled guilty on May 11, 1988, and he waited over sixteen years to file his motion. Furthermore, Durant is currently incarcerated and serving time for a subsequent federal conviction in which the offense has not been identified in Durant's brief or in the record. Consequently, it appears Durant has *297 already served the sentence for which he now complains.
¶ 6. A major problem with Durant's petition is that he has already served his sentence. Even though this is not made expressly clear in the record, there are assertions made in the briefs. The briefs go further to discuss that Durant is currently incarcerated for a federal crime. Assertions in briefs are not sufficient for this Court to base judgments. Shaw v. State, 803 So.2d 1282, 1284(¶ 7) (Miss.Ct.App.2002); Burnett ex rel. Islam v. Burnett, 792 So.2d 1016(¶ 8) (Miss.Ct. App.2001). However, Durant was sentenced on May 11, 1988, by the Circuit Court in Lowndes County, to ten years with five suspended, leaving a total of five years to serve. Therefore, Durant's sentence would have expired in May of 1993.
¶ 7. Post-conviction relief for defendants applies solely to a prisoner who is actually in the custody of the State under a sentencing order from a Mississippi Court, according to Mississippi Code Annotated § 99-39-5 (Rev.2000). Isaac v. State, 793 So.2d 688, 690(¶ 7) (Miss.Ct.App.2001). Durant is currently a prisoner in a federal prison and is no longer serving his sentence in the state's system as required by statute. Id. at 691(¶ 10). Therefore, the appropriate remedy for Durant does not fall within Mississippi's post-conviction relief statute. See Miss.Code Ann. § 99-39-5 (Rev.2000).
¶ 8. Being that Durant is no longer in custody in Mississippi, and he is time barred from raising a post-conviction relief claim, we find no need to discuss the issues Durant raised in his brief. Accordingly, we find that the trial judge properly dismissed Durant's motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.