MYERS, P.J.,
for the Court.
¶ 1. Edwin Glenn Smith pled guilty in the Circuit Court of Harrison County First Judicial District to kidnaping, armed robbery and aggravated assault. Smith was sentenced to twelve years for kidnaping, ten years for armed robbery and five years for aggravated assault, all to be served in the custody of the Mississippi Department of Corrections, with the-sentences to run concurrently. Thereafter, Smith filed a motion for post-conviction relief. The trial judge denied the motion without a hearing, and Smith has appealed.
FACTS
¶2. On August 12, 1978, the Harrison County First Judicial District grand jury indicted Smith for kidnaping, armed robbery and aggravated assault. On July 9, 1979, Smith pled guilty to the charges set forth in the indictment. On August 24, 1979, the trial court sentenced him to serve ten years for kidnaping, twelve years for armed robbery and five years for aggravated assault, with sentences to run concurrently, leaving twelve years to serve in the custody of the Department of Corrections. On September 22, 2003, over twenty years after Smith pled guilty to the 1978 charges, Smith filed a pro se motion for post-conviction relief. Smith raised several issues in his motion; however, the trial court dismissed the motion for being time barred and because Smith was no longer in custody under a court of record of the State of Mississippi according to Mississippi Code Annotated § 99-39-5 (Rev.2000). Smith appeals the trial court’s dismissal. Smith is currently incarcerated in the Alabama State Penitentiary in Springville, Alabama.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 3. Post-conviction collateral relief is “to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.” Miss.Code Ann. § 99-39-3(2) (Supp.2004). Post-conviction relief is not the same as or a substitute for a direct appeal.
STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court’s factual findings, when reviewing a decision to deny a petition' for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de *1250 novo where questions of law are raised. Id
¶ 5. The Harrison County First Judicial District Circuit Court dismissed Smith’s post-conviction relief motion for being time barred in accordance with Mississippi Code Annotated § 99-39-5(2) (Supp.2004). We agree with the circuit court’s ruling. Smith pled guilty on July 9, 1979, and he waited over twenty years to file his post-conviction relief motion.
¶ 6. As stated above, a major problem with Smith’s petition is that he has already served his sentence. Even though this is not made expressly clear in the record, there are assertions made in the briefs. The briefs go further to discuss that Smith is currently incarcerated for an Alabama state crime. Assertions in briefs are not sufficient for this court to base judgments. Shaw v. State, 803 So.2d 1282, 1284(¶7) (Miss.Ct.App.2002); Burnett ex rel. Islam v. Burnett, 792 So.2d 1016, 1019(¶ 8) (Miss.Ct.App.2001). However, Smith was sentenced on August 24, 1979, by the Circuit Court in Harrison County First Judicial District, to ten years for kidnaping, twelve years for armed robbery and five years for aggravated assault, with all sentences to run concurrently, leaving a total of twelve years to serve. Therefore Smith’s sentence would have expired in August of 1991. Post-conviction relief is an available avenue of relief for persons in custody and serving a sentence from a Mississippi Court of record to seek relief from a conviction or sentence. Elliott v. State, 858 So.2d 154, 155(¶ 5) (Miss.Ct.App.2003).
¶ 7. Post-conviction relief for defendants applies solely to a prisoner who is actually in the custody of the State under a sentencing order of a Mississippi Court, according to Mississippi Code Annotated § 99-39-5 (Supp.2004). Isaac v. State, 793 So.2d 688, 690(¶ 7) (Miss.Ct.App.2001). Smith is currently a prisoner in an Alabama state prison and is no longer serving his sentence in the Mississippi state’s system as required by statute. Id at 691(¶ 10). Therefore the appropriate remedy for Smith does not fall within Mississippi’s post-conviction relief statute. See Miss.Code Ann. § 99-39-5 (Supp.2004).
¶ 8. Being that Smith is no longer in custody in Mississippi, and that he is time barred from raising a post-conviction relief claim, we find no need to discuss the issues Smith raised in his brief. Accordingly, we find that the trial judge properly dismissed Smith’s motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY FIRST JUDICIAL DISTRICT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.