MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. On January 25, 2006, the United States District Court for the Southern District of Mississippi sentenced Charles Lee Parker to life for conspiring to distribute 226.72 grams of crack cocaine. The district court based Parker’s enhanced sentence on two of his prior Mississippi felony marijuana convictions — one from 1980, the other from 1986. On direct appeal, the United States Fifth Circuit Court of Appeals affirmed Parker’s conviction and life sentence.
 
 See United States v. Parker,
 
 505 F.3d 323 (5th Cir.2007).
 

 ¶ 2. In 2008, Parker filed for post-conviction relief (PCR) in the Neshoba County Circuit Court. He sought to vacate his 1986 marijuana-possession conviction in order to pursue re-sentencing in federal court to avoid the enhanced life sentence. The circuit court summarily dismissed Parker’s PCR motion finding lack of jurisdiction. Because Parker was not in custody under the sentencing of a Mississippi court when seeking post-conviction relief, we are without jurisdiction to consider his collateral attack. Thus, we affirm the circuit court’s dismissal of Parker’s motion for post-conviction relief on the ground of lack of jurisdiction.
 

 FACTS
 

 ¶ 3. Parker had two drug convictions in 1980 resulting from his guilty plea in the Neshoba County Circuit Court to two counts of marijuana distribution. The circuit judge sentenced Parker to two years on each count, to run consecutively. Parker appealed neither these convictions nor sentences, and he does not contest their validity.
 

 ¶ 4. In 1986, a jury in the Neshoba County Circuit Court found Parker guilty of possession of more than one ounce of marijuana. The circuit judge sentenced Parker to three years’ imprisonment. He ordered the sentence to run consecutively to a fifteen-year sentence Parker was serving for the armed robbery of a Kentucky Fried Chicken. Parker neither directly appealed his 1986 marijuana conviction, nor did he seek post-conviction relief until May 15, 2008.
 

 ¶ 5. In his 2008 PCR motion, Parker sought to vacate his 1986 marijuana possession conviction. He alleged his actual innocence, claiming less than one ounce of the charged marijuana belonged to him. He also contended he had received ineffective assistance of counsel.
 

 ¶ 6. On July 14, 2008, the circuit judge summarily dismissed Parker’s motion finding lack of jurisdiction because Parker was not incarcerated in a Mississippi prison or under a sentencing order related to his 1986 conviction when seeking post-conviction relief. Despite dismissing the PCR motion for lack of jurisdiction, the circuit
 
 *734
 
 judge alternatively found the motion time-barred since it was filed more than twenty years after his 1986 conviction.
 

 ¶ 7. Parker now appeals pro se claiming: (1) the circuit judge abused his discretion by finding the motion untimely filed, and (2) he should have been deemed “in custody” for purposes of the Mississippi Post-Conviction Collateral Relief Act because the district court relied on the Mississippi convictions to enhance his federal sentence.
 

 DISCUSSION
 

 ¶ 8. Prior to March 16, 2009, to be eligible to seek post-conviction relief under section 99-39-5, a prisoner had to be
 
 “in custody under sentence of a court of record of the State of Mississippi”
 
 Miss. Code Ann. § 99-39-5 (Rev.2007) (emphasis added). On March 16, 2009, the Legislature amended section 99-39-5, expanding the availability of post-conviction relief to a broader range of previously convicted individuals. The introductory clause in section 99-39-5(1) now provides that:
 

 Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence....
 

 Miss.Code Ann. § 99-39-5(1) (Supp.2009).
 

 ¶ 9. We generally apply statutes prospectively, unless the statute clearly and positively expresses that it applies retroactively.
 
 Hudson v. Moon,
 
 732 So.2d 927, 930-31 (¶ 10) (Miss.1999);
 
 Mladinich v. Kohn,
 
 186 So.2d 481, 483 (Miss.1966). Here the bill amending section 99-39-5(1), adopted on March 16, 2009, states it
 
 “shall take effect and be in force from and after its passage.”
 
 2009 MS Laws Ch. 339, § 8 (emphasis added). We point out that.Parker filed his petition almost a year earlier on May 15, 2008, and the circuit court denied it on July 14, 2008, before current version section 99-39-5(1) took effect.
 

 ¶ 10. In addressing the pre-March 16, 2009, version of section 99-39-5(1), which we find applies here, this court has held: “The preeminent requirement of the Post-Conviction Collateral Relief Act is that the petitioner be ‘a prisoner in custody under sentence of a court of record of the State of Mississippi.’ ”
 
 Willis v. State,
 
 856 So.2d 555, 556 (¶ 3) (Miss.Ct.App.2003) (quoting Miss.Code Ann. § 99-39-5 (Rev. 2000));
 
 see also Dallas v. State,
 
 994 So.2d 862, 864 (¶ 3) (Miss.Ct.App.2008) (citing Miss.Code Ann. § 99-39-5(1) (Rev.2007));
 
 Zambrella v. State,
 
 906 So.2d 844, 845-46 (¶ 6) (Miss.Ct.App.2004).
 

 ¶ 11. It is undisputed that Parker was incarcerated in a federal correctional facility — and not under custody of a sentence of a court of record of the State of Mississippi — when he filed his 2008 PCR motion. Therefore, this court, like the circuit court, lacks jurisdiction to consider his request for post-conviction relief.
 

 ¶ 12. Further, we decline Parker’s invitation to expand the reach of the pre-March 16, 2009, version of section 99-39-5(1) to all petitioners whose sentences are based on prior Mississippi convictions. Restraint dictates that we follow our established precedent and the Legislature’s explicit mandate that to seek post-conviction relief petitioners must be “in custody under sentence of a court of record of the State of Mississippi,” which Parker was not.
 

 ¶ 13. Because the circuit court properly determined it lacked jurisdiction to consider Parker’s motion for post-conviction re
 
 *735
 
 lief, we must affirm the dismissal of his PCR motion.
 

 ¶ 14. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.