*734
 
 IRVING, P.J., for the Court:
 

 ¶ 1. In 2004, Bobby Earl Wilson Jr. was sentenced as a habitual offender to life without eligibility for probation or parole in the custody of the Mississippi Department of Corrections (MDOC). On November 5, 2009, Wilson filed a “Motion to Amend Petition for a Writ of Coram No-bis” in the Warren County Circuit Court. In his motion, Wilson challenged his 1994 conviction for automobile burglary that served, in part, as the basis for his habitual-offender status. The circuit court dismissed the motion, noting that Rule 60(b) of the Mississippi Rules of Civil Procedure abolished writs of coram nobis. Feeling aggrieved, Wilson appeals and argues that: (1) the circuit court erred in failing to construe his “Motion to Amend Petition for Writ of Coram Nobis” as a motion for post-conviction relief (PCR); (2) he received ineffective assistance of counsel; and (3) his guilty plea was involuntary.
 

 ¶ 2. We find that the circuit court erred in failing to construe Wilson’s motion as a PCR motion; nevertheless, we affirm the circuit court’s judgment as modified.
 

 FACTS
 

 ¶ 3. On August 5, 1994, Wilson pleaded guilty to automobile burglary. Following his plea, the circuit court sentenced Wilson to five years in the custody of the MDOC, with all five years suspended and five years of probation. On April 5, 1995, the circuit court found that Wilson had violated the terms of his probation; therefore, it revoked Wilson’s suspended sentence and ordered him to a restitution center. On August 8, 1995, Wilson again violated the terms of his probation, and the circuit court revoked his suspended sentence and sentenced Wilson to five years’ imprisonment with credit for time served in the county jail. Wilson was released from prison on August 1,1997.
 

 ¶ 4. On February 22,1999, Wilson pleaded guilty to two counts of bank robbery, and the United States District Court for the Southern District of Mississippi sentenced him to seventy months of imprisonment for each count, to run concurrently, and three years of post-release supervision for each count, also to run concurrently. On March 24, 2004, Wilson was released from prison, and his supervised-release period began. On March 30, 2004, Wilson was arrested for another bank robbery in Vicksburg, Mississippi. Following a jury trial, Wilson was convicted of bank robbery, and the Warren County Circuit Court sentenced him as a habitual offender to life without eligibility for probation or parole. Wilson’s 1994 and 1999 convictions served as the basis for his status as a habitual offender.
 

 ¶ 5. On June 11, 2007, Wilson filed a PCR motion, alleging that he had received ineffective assistance of counsel in connection with his 1994 automobile-burglary conviction. The circuit court dismissed the PCR motion as time-barred. Wilson appealed, and this Court held that Wilson’s PCR motion was time-barred and that he lacked standing to file his motion because he was “no longer in custody for the 1994 [automobile-] burglary conviction for which he [sought] post-conviction relief.”
 
 Wilson v. State,
 
 990 So.2d 828, 829 (¶ 2) (Miss.Ct. App.2008).
 

 ¶ 6. On November 5, 2009, Wilson filed a “Motion to Amend Petition for a Writ of Coram Nobis.”
 
 [1]
 
 Wilson acknowledged in his motion that he could not proceed under the Mississippi Uniform Post-Conviction
 
 *735
 
 Collateral Relief Act because he was no longer in custody for the 1994 automobile-burglary conviction.
 
 [2]
 
 Therefore, Wilson sought relief via writ of coram nobis.
 

 ¶ 7. In his motion, Wilson sought to vacate his automobile-burglary conviction on the ground that there was an insufficient factual basis for his guilty plea. Specifically, Wilson argued that the State had insufficient proof of his intent to steal personal property located in the automobile. Additionally, Wilson argued that his defense counsel was deficient for failing to inform the circuit court that the State had insufficient evidence of the intent element.
 

 ¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 9. “A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.”
 
 Means v. State,
 
 43 So.3d 438, 441 (¶ 6) (Miss.2010) (citing
 
 Broten v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999)). However, questions of law are reviewed de novo.
 
 Id.
 
 (citing
 
 Brown,
 
 731 So.2d at 598).
 

 ¶ 10. Despite acknowledging in his November 5, 2009 motion that he was not entitled to post-conviction relief because he was no longer in custody for the 1994 conviction, Wilson argues that the circuit court should have construed his “Motion to Amend Petition for a Writ of Coram No-bis” as a PCR motion. We agree. Mississippi Code Annotated section 99-39-3(1) (Rev.2007) states in pertinent part:
 

 The purpose of this article is to revise, streamline[,] and clarify the rules and statutes pertaining to post-conviction[-] collateral [-] relief law and procedures, to resolve any conflicts therein[,] and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences. Specifically,
 
 this article repeals the statutory writ of error coram nobis,
 
 supersedes Rule 8.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice and abolishes the common law writs relating to post-conviction collateral relief, including by way of illustration but not limitation, error coram nobis, error coram vobis, and post-conviction habeas corpus, as well as statutory post-conviction habeas corpus.
 
 The relief formerly accorded by such terits may be obtained by an appropriate motion under this article.
 

 (Emphasis added). Based on the above statutory language, this Court has previously held that common-law writs, such as writs of coram nobis, should be construed as PCR motions.
 
 See Smith v. State,
 
 29 So.3d 126, 128 (¶ 9) (Miss.Ct.App.2010);
 
 Morris v. State,
 
 918 So.2d 807, 808 (¶ 4) (Miss.Ct.App.2005). Therefore, the circuit court should have construed Wilson’s motion as one for post-conviction relief.
 

 ¶ 11. Even if Wilson’s motion is treated as a PCR motion, Wilson lacks standing to bring the motion because he is no longer “serving time under the sentence he complains of.”
 
 Wilson,
 
 990 So.2d at 830 (¶ 6) (quoting
 
 Graves v. State,
 
 822 So.2d 1089, 1091 (¶ 6) (Miss.Ct.App.2002)). Wilson completed the sentence related to the automobile-burglary conviction in 1997. Wilson is currently serving the sentence related to his 2004 bank robbery, for which he was sentenced to life as a habitual offender. While the 1994 conviction served as a basis for Wilson’s habitual-offender status, he was not “in custody” for that conviction when he filed his mo
 
 *736
 
 tion.
 
 [3]
 
 As such, Wilson lacks standing to challenge his conviction.
 

 ¶ 12. Wilson contends that he received credit for time served in the county jail to which he was not entitled; therefore, he was released from custody before he could seek post-conviction relief from the 1994 conviction. In support of his contention, Wilson has supplied a notice of criminal disposition from the MDOC and a second notice marked “amended.” While the amended notice credits Wilson with additional days of jail time, the record contains no explanation for the amendment and no evidence that the amended credits were erroneous. Therefore, the only evidence before this Court that the amended notice was erroneous comes from the bare assertions in Wilson’s brief. It is well established that appellate courts cannot “review the bare assertions in the parties’ briefs, but must look to the record.”
 
 Rogers v. State,
 
 796 So.2d 1022, 1029 (¶ 24) (Miss.2001) (citations omitted). Therefore, this issue is not properly before this Court.
 

 ¶ 13. It is clear from the record that Wilson has attempted to challenge his 1994 conviction in an effort to invalidate his life sentence. However, Wilson lacks standing to challenge the 1994 conviction because he is no longer incarcerated or on parole or probation for that conviction. Because Wilson lacks standing to bring his motion, this Court need not address the merits of Wilson’s claims that he received ineffective assistance of counsel and that his guilty plea was involuntary. Furthermore, we find that the circuit court properly dismissed Wilson’s PCR motion for the reasons we have discussed.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED AS MODIFIED TO DISMISS THE MOTION FOR POST-CONVICTION RELIEF. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J„ NOT PARTICIPATING.
 

 [1]
 

 . In his motion, Wilson explained that he sought to amend a petition for a writ of co-ram nobis that he had sent to the circuit court on May 16, 2009. However, the original petition is not included in the record.
 

 [2]
 

 .
 
 See
 
 Mississippi Code Annotated section 99-39-5(1) (Supp.2010).
 

 [3]
 

 . We note that in 2009 the standing requirements of section 99-39-5(1) were expanded beyond persons "in custody.” Section 99-39-5(1) provides in pertinent part:
 

 Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal....
 

 However, even under the expanded standing requirements, Wilson lacks standing. When Wilson filed his motion in 2009 challenging his 1994 conviction, he was no longer incarcerated for that conviction, nor was he on parole or probation for that conviction.