ISHEE, J., for the Court:
 

 ¶ 1. Will Robertson Brown pleaded guilty to arson in the second degree on September 12, 1986, and was sentenced to seven years in the custody of the Mississippi Department of Corrections (MDOC). Brown appeals, more than twenty years later, claiming that his plea was involuntary and that he received ineffective assistance of counsel. The Jackson County Circuit Court denied his motion for post-conviction relief (PCR). Finding no error, we affirm the circuit court’s judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Brown is currently serving an enhanced sentence in federal prison in Marion, Illinois. On September 12, 1986, he entered guilty pleas in the circuit court to charges of burglary and larceny, as well as arson in the second degree. Brown was sentenced to serve seven years on each charge, with all sentences to run concurrently.
 

 ¶ 3. More than twenty years later, on May 11, 2010, Brown filed a PCR motion, challenging his guilty pleas to burglary and larceny. A week later, on May 17, 2010, Brown filed another PCR motion in the same court, challenging the voluntariness of his guilty plea for arson in the second degree. The circuit court summarily denied both of Brown’s PCR motions on the grounds that they were proee-durally time-barred. Brown appealed. The issue on the present appeal concerns only the voluntariness of his guilty plea for arson in the second degree. Brown has filed another appeal for relief regarding the burglary and larceny pleas under a separate cause.
 

 STANDARD OF REVIEW
 

 ¶ 4. We will not disturb a circuit court’s denial of a PCR motion unless the decision is found to be clearly erroneous.
 
 Edmondson v. State,
 
 17 So.3d 591, 594 (¶ 5) (Miss.Ct.App.2009). We review questions of law de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 5. As Brown pleaded guilty, he had three years from the entry of the judgment of his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2011). Claims made outside of the three-year statute of limitations must raise one of the exceptions found in Mississippi Code Annotated section 99-39-5(2)(a)-(b).
 

 ¶ 6. Brown pleaded guilty to arson and was sentenced on September 12, 1986, but he waited more than twenty years to file a PCR motion. Clearly, his PCR motion is time-barred. Brown also failed to claim any of the listed exceptions to the procedural bar. He makes no showing of any of the exceptions set out by law that would except the motion from the statute of limitations. Accordingly, this issue is procedurally barred.
 

 
 *1269
 
 ¶ 7. Moreover, Brown is currently serving a sentence in federal prison in Marion, Illinois. Post-conviction relief applies only to a prisoner who is in the custody of the State, serving a sentence imposed by a Mississippi court.
 
 Smith v. State,
 
 914 So.2d 1248, 1250 (¶ 7) (Miss.Ct.App.2005) (citations omitted). Brown has already served the time required for his guilty plea for arson in Mississippi. He is no longer in the custody of the MDOC. Thus, he is not entitled to relief under Mississippi’s PCR statute.
 

 ¶ 8. Because Brown is not currently in the custody of the MDOC and is also procedurally time-barred from filing a PCR motion, we affirm the circuit court’s denial of his PCR motion.
 

 ¶ 9. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.