ROBERTS, J.,
Concurring in result only:
¶ 9.1 concur with the majority’s analysis that Brown is time barred from pursuing his post-conviction relief (PCR) petition under Mississippi Code Annotated section 99-39-5 (Supp.2011) with no applicable exceptions; however, I write separately to address an unspoken concern fundamental to this Court’s authority to even address Brown’s PCR petition on appeal. My concern lies in the determination that Brown has standing to bring his PCR petition at all. Circuit Court Judge Kathy King Jackson summarily dismissed Brown’s PCR petition because it was filed more than “three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2). The circuit judge found that none of the exceptions found in Mississippi Code Annotated section 99-39-5(2)(a)(i-ii) or Mississippi Code Annotated section 99-39-5(2)(b) permitted Brown to bring his out-of-time PCR petition. The circuit judge was imminently correct in her findings.
¶ 10. From its enactment in 1984 until its March 16, 2009, amendment, the Mississippi Uniform Post-Conviction Collateral Relief Act required any convicted offender who filed a PCR petition be “in custody under sentence of a court of record of the State of Mississippi.” If not, he would have no standing to even file a PCR motion attempting to collaterally attack his conviction. This Court has articulated this notion on numerous occasions. See Gates v. State, 904 So.2d 216, 218 (¶ 7) (Miss.Ct.App.2005), Torns v. State, 866 So.2d 486, 489 (¶ 11) (Miss.Ct.App.2004), Weaver v. State, 852 So.2d 82, 85 (¶ 7) (Miss.Ct.App.2003). However, on March 16, 2009, the Mississippi Legislature passed S.B. 2709 amending the above-quoted language and replacing it with the following language: “Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period.... ” Miss.Code Ann. § 99-39-5(l)(emphasis added). Recently, we hinted at the Legislature’s expansion of the standing requirement in Parker v. State, 47 So.3d 732, 734 (¶ 8) (Miss.Ct.App.2010) (quoting Mississippi Code Annotated section 99-39-5 (Rev.2007)), when we stated “[pjrior to March 16, 2009, to be eligible to seek post-conviction relief under section 99-39-5, a prisoner had to be ‘in custody under sentence of a court of record of the State of Mississippi’” After March 16, 2009, the Legislature “expand[ed] the availability of post-conviction relief to a broader range of previously convicted individuals.” Id. In that case, Charles Lee Parker filed his PCR petition prior to the amendment’s effective date, and the amendment was not retroactive; therefore, he did not have standing to file. Id. at (¶¶ 9-12).
¶ 11. It is my judgment the new statute’s language “[a]ny person sentenced by a court of record in the State of Mississippi” is clear and unambiguous. It is not the duty of this Court to determine the wisdom of the Legislature’s actions in amending the statute’s language. Instead, it is our duty to interpret and apply the statute as written. See Russell Inv. Corp. v. Rus *463 sell, 182 Miss. 385, 419, 182 So. 102, 107 (1938); Clark v. State, 169 Miss. 369, 384-85, 152 So. 820, 824 (1934). Further, the supreme court has stated that “[w]hen the words of a statute are plain and unambiguous there is no room for interpretation or construction, and we apply the statute according to the meaning of those words.” Coleman v. State, 947 So.2d 878, 881 (¶ 10) (Miss.2006) (citing Harrison v. State, 800 So.2d 1134, 1137 (¶ 12) (Miss.2001)). It is patently obvious that any convicted offender presently on parole, probation or subject to sex offender registration is not a “prisoner in custody” as the previous statute required; yet, such offenders now have standing to file a PCR petition under the amended language of the statute. Also rather obvious to me is the fact that the Legislature chose, through its amendment, to expand the scope of standing to permit those rare individuals, such as those with newly discovered evidence (i.e., DNA), an opportunity to prove innocence even though at the time of filing they are not in custody, on parole or probation, or subject to sex offender registration. This is especially true for those individuals who, though maintaining actual innocence, entered a “best interest” guilty plea under the principles established in North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In such rare cases, these individuals who proved their claim would be restored to their pre-con-viction status without the innumerable collateral consequences of being a convicted felon. I also recognize the reality that the overwhelming majority of PCR petitioners no longer in custody will be either time or subsequent writ barred from bringing their PCR petitions.
¶ 12. In the current case, the majority fails to mention facts relevant and essential to this Court’s exercise of its jurisdiction. It is undisputed that Brown was a federal inmate serving a federal sentence in a federal facility in the state of Indiana when he filed his PCR petition on July 19, 2010, attacking his April 19, 1995, convictions of aggravated assault, arson, and assault on a law enforcement officer. Brown’s federal sentence was enhanced under the federal sentencing guidelines, in part, based on his prior circuit court felony convictions. It appears from Brown’s PCR petition that he is attempting to lay a foundation for a future reduction in his federal sentence if he is successful in having his state court convictions overturned. Although neither Brown nor the State raise any jurisdictional issues on appeal, such as Brown’s standing to file a PCR petition, it is the affirmative duty of this Court to ensure we have proper jurisdiction over the matter before addressing its merits. Winborn v. State, 213 Miss. 322, 323, 56 So.2d 885, 885 (1952). In Winbom, the supreme court stated: “We are confronted in the outset with the question of our jurisdiction of this appeal, and while the question is not raised by either party, it becomes our duty to raise it of our own motion.” Id. “A lack of standing ‘robs the court of jurisdiction to hear the case[;]’ ” therefore, the appropriate disposition would be to dismiss the case. Pruitt v. Hancock Med. Ctr., 942 So.2d 797, 801 (¶ 14) (quoting McNair v. U.S. Postal Serv., 768 F.2d 730, 737 (5th Cir.1985)). By failing to address the issue of standing and also reaching the merits of Brown’s PCR petition, the majority is, at least impliedly, concluding that we have jurisdiction. I agree that Brown does have standing under the amended PCR statute and that the circuit court and this Court have jurisdiction to address the merits.
¶ 13. Regrettably, twice within the last year we have stated directly, if not indfer-entially, that a PCR petitioner who files his petition after March 16, 2009, must still be a “prisoner in custody under sentence *464 of a court of record of the State of Mississippi.” In both cases, the PCR petitioners filed their petitions after the effective date of the amendment; therefore, I would find that these petitioners were entitled to the benefit of the expanded language found in the amended PCR statute and that our conclusions were incorrect. The first case is Wilson v. State, 76 So.3d 733 (Miss.Ct.App.2011). In June 2011, this Court affirmed the circuit court’s dismissal of Bobby Earl Wilson Jr.’s PCR petition on the ground that Wilson lacked standing to challenge his 1994 conviction. Id. at 735 (¶ 11). Wilson originally filed a “Motion to Amend Petition for a Writ of Coram No-bis” in November 2009 acknowledging he was not eligible to file a PCR motion because he was no longer “in custody” for the 1994 conviction he was attacking. Id. at 734-5 (¶ 6). This Court found that Wilson’s motion should be construed as a PCR petition but that “[e]ven if Wilson’s motion is treated as a PCR [petition], Wilson lacks standing to bring the [petition] because he is no longer ‘serving time under the sentence he complains of.’ ” Id. at 735-6 (¶¶ 10-11). Further, in footnote 3, we acknowledged the 2009 amendment, but stated that “even under the expanded standing requirements, Wilson lacks standing. When Wilson filed his motion in 2009 challenging his 1994 conviction, he was no longer incarcerated for that conviction, nor was he on parole or probation for that conviction.” Id. at 736 n. 3 (¶ 11).
¶ 14. The second case involves the very same defendant as the current case, but Brown then was attacking a 1986 arson conviction through a 2010 PCR motion. In Brown v. State, 71 So.3d 1267, 1269(¶ 7) (Miss.Ct.App.2011) (citing Smith v. State, 914 So.2d 1248, 1250 (¶ 7) (Miss.Ct.App.2005)), we stated: “Post-conviction relief applies only to a prisoner who is in the custody of the State, serving a sentence imposed by a Mississippi court.” This Court ultimately affirmed the circuit court’s denial of Brown’s PCR motion on the ground that Brown was “not currently in the custody of the MDOC and [was] also procedurally time-barred from filing a PCR motion.” Id. at (¶ 8).
¶ 15. In a genuine effort to maintain the jurisprudential integrity of this Court, I would now acknowledge our prior errors. To the extent that Wilson and Brown state or imply that a PCR petitioner who filed a PCR petition after March 16, 2009, must still be in custody for the conviction he is currently attacking, I submit that those two cases should be overruled. Otherwise, I concur with result reached by the majority.
GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.