ISHEE, J.,
for the Court:
¶ 1. In 1986, Will Robertson Brown pleaded guilty in the Jackson County Circuit Court to second-degree arson, burglary, and larceny. Brown was sentenced to serve seven years on each count in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run concurrently. After his release from the MDOC, Brown was convicted of a federal crime and is currently serving an enhanced sentence in a federal prison. In 2010, while in federal prison, Brown filed a motion for post-conviction relief (PCR) in the circuit court. The circuit court denied the motion finding that Brown was not entitled to any relief and that his PCR motion was time-barred. Brown then appealed the circuit court’s judgment. We affirmed, finding that Brown’s PCR motion was time-barred. See Brown v. State, 71 So.3d 1267, 1269 (¶ 8) (Miss.Ct.App.2011). Brown now attacks the same circuit court judgment asserting that his allegedly involuntary guilty plea and ineffective assistance of counsel have resulted in a more strenuous sentence in federal court. Finding no reversible error, we affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On September 12, 1986, Brown pleaded guilty in the circuit court to burglary, larceny, and second-degree arson. He received seven years on each count to be served in the custody of the MDOC, with the sentences to run concurrently. Brown completed his sentence and was released from the MDOC.
¶ 3. Some time after his release, Brown was convicted in the United States District Court for the Southern District of Mississippi of a federal crime involving the possession of a firearm. The United States Sentencing Guidelines (USSG) mandated *647 that the district court consider Brown’s prior criminal activity in assessing his sentence. After doing so, the district court classified Brown as an “armed career criminal” (ACC) purportedly due to his 1986 conviction for second-degree arson. He received an enhanced sentence of 188 months. Brown is currently serving his sentence in a federal prison in Marion, Illinois.
¶ 4. On May 17, 2010, over twenty years after the circuit court’s sentencing order and well after his release from the MDOC, Brown filed a PCR motion in the circuit court. Therein, Brown attacked the legality of his 1986 guilty plea to second-degree arson and claimed he received ineffective assistance of counsel. We addressed Brown’s appeal in Brown, 71 So.3d at 1267 (¶ 8). Because Brown filed his PCR motion approximately seventeen years after the statute of limitations had run, we agreed with the circuit court’s determination that Brown’s motion was time-barred. Id. at 1268 (¶ 6). We further found that because Brown was no longer in the custody of the MDOC, he was not entitled to relief under Mississippi’s PCR statute. Id. at 1269 (¶ 7).
¶ 5. In his current appeal, Brown again claims his seeond-degree-arson conviction should be overturned because it was involuntarily entered and he received ineffective assistance of counsel. He further asserts this Court should reverse his second-degree-arson conviction so that he would receive a reduced federal sentence since the ACC enhancement would no longer apply to him.
DISCUSSION
¶ 6. “We will not disturb a circuit court’s denial of a PCR motion unless the decision is found to be clearly erroneous.” Id. at 1268 (¶4) (citation omitted). Questions of law are reviewed de novo. Id.
I. Time-Bar and Successive-Writ Bar
117. Mississippi Code Annotated section 99-39-5 (Supp.2011) governs motions for post-conviction relief. The statute provides that a prisoner has three years to request post-conviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:
That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant’s] conviction or sentence or that [the mov-ant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
*648 Miss.Code Ann. § 99-39-5(2)(a)-(b). Brown has failed to provide any information or claims evincing an exception to the three-year statute of limitations. As such, his PCR motion is time-barred.
¶ 8. Furthermore, Mississippi Code Annotated section 99-39-23(6) (Supp.2011) provides that a PCR movant cannot raise any issue that has been addressed in a final judgment with specific findings of facts and conclusions of law. Any motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ.
¶ 9. We addressed Brown’s prior appeal of the circuit court’s denial of his PCR motion in Brown. Brown’s current appeal merely differs from his prior appeal in his assertion that the reversal of his 1986 second-degree-arson conviction would reduce his current federal sentence. Brown’s argument, however, bears no weight to our adjudication of his appeal. Brown’s claim does not negate the fact that he has failed to prove an exception to the time-bar applies, and his claim is now also successive-writ barred.
II. Entitlement to Relief under the Post-Conviction-Relief Statute
¶ 10. In our prior ruling on Brown’s appeal, we noted that Brown is not eligible for relief under Mississippi’s PCR statute because he is no longer in the custody of the MDOC. Brown, 71 So.3d at 1269 (¶ 8). We held: “Post-conviction relief applies only to a prisoner who is in the custody of the State, serving a sentence imposed by a Mississippi court.” Id. at (¶ 7) (citing Smith v. State, 914 So.2d 1248, 1250 (¶ 7) (Miss.Ct.App.2005)). Specifically, the PCR statute applicable at the time of Brown’s state sentencing reflects that “post-conviction relief ... applies only to a ‘prisoner in custody under sentencing of a court of record of the State of Mississippi....’” Hester v. State, 749 So.2d 1221, 1223 (¶ 8) (Miss.Ct.App.1999) (quoting Miss.Code Ann. § 99-39-5(1) (Rev.1994)).
¶ 11. On March 16, 2009, the PCR statute was amended as follows to expand the reach of the PCR statute to a wider range of individuals:
Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence....
Miss.Code Ann. § 99-39-5(1) (Supp.2009).[1] With regard to the very foundation of the PCR statute prior to the 2009 amendment, we stated that “[t]he preeminent requirement of the Post-Conviction Collateral Relief Act [ (PCR statute) ] is that the petitioner be ‘a prisoner in custody under sentence of a court of record of the State of Mississippi.’ ” Willis v. State, 856 So.2d 555, 556 (¶ 3) (Miss.Ct.App.2003) (quoting Miss.Code Ann. § 99-39-5 (Rev. 2000)).
¶ 12. In 2010, we handed down Parker v. State, 47 So.3d 732 (Miss.Ct.App.2010), which bears great factual similarity to Brown’s case. In 1980, Charles Lee Parker pleaded guilty in a Mississippi circuit court to two drug charges and was placed in the custody of the MDOC. Id. at 733 (¶ 3). After being released, Parker was convicted of armed robbery and another drug charge. In 1986, he was sentenced to three years for the drug conviction to run *649 consecutively to the armed-robbery sentence in the custody of the MDOC. Id. at (¶ 4).
¶ 13. Some time after his release from the MDOC, Parker was convicted of a federal crime and sentenced to serve time in a federal prison. See id. at 734 (¶ 7). His federal sentence was enhanced due to his prior state convictions. Id. In 2008, while in federal custody, he filed a PCR motion in the circuit court challenging his 1986 drug conviction on the grounds of innocence and ineffective assistance of counsel. Id. at 733 (¶ 5). We held:
It is undisputed that Parker was incarcerated in a federal correctional facility — and not under custody of a sentence of a court of record of the State of Mississippi — when he filed his 2008 PCR motion. Therefore, this [C]ourt, like the circuit court, lacks jurisdiction to consider his request for post-conviction relief. Further, we decline Parker’s invitation to expand the reach of the pre-March 16, 2009, version of section 99-39-5(1) to all petitioners whose sentences are based on prior Mississippi convictions.
Id. at 734 (¶ 11-12).
¶ 14. A limited exception allows mov-ants who are not in the custody of the MDOC, but are in custody outside of Mississippi, to have a PCR motion heard in a Mississippi court. “The Mississippi Supreme Court has clarified that a prisoner held in another state who, ‘but for that incarceration would be subject to imprisonment here,’ is ‘in custody’ for purposes of section 99-39-5.” Putnam v. Epps, 963 So.2d 1232, 1234 (¶ 6) (Miss.Ct.App.2007) (quoting Unruh v. Puckett, 716 So.2d 636, 639 (¶ 11) (Miss.1998)). In such cases, the State of Mississippi is deemed to have a “hold” on the prisoner, and jurisdiction is conveyed to Mississippi courts to hear the prisoner’s PCR motion. Id.
¶ 15. In sum, the exception, though enunciated prior to the 2009 amendment, references Mississippi’s potential custody over a prisoner in custody in another state. As stated in Unruh, the exception applies when, but for another entity’s incarceration of a prisoner, the prisoner would be in the custody of the MDOC. However, once a prisoner is released from the MDOC, Mississippi has no custody over the person whatsoever. In Brown’s case, as in Parker, Mississippi relinquished any and all custody rights over Brown when he was released from the MDOC.
¶ 16. In Putnam, we referenced the supreme court’s acknowledgment that the PCR statute “is arguably ‘post-conviction habeas corpus renamed.’ ” Putnam, 963 So.2d at 1234 (¶ 5) (quoting Walker v. State, 555 So.2d 738, 740-41 (Miss.1990)). The Mississippi Legislature has determined that petitions for habeas corpus apply to “cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto.... ” Johnson v. Miller, 919 So.2d 273, 277 (¶ 12) (Miss.Ct.App.2005) (quoting Miss.Code Ann. § 11-43-1 (Rev.2002)). “A petition for habeas corpus is still a viable option in limited circumstances, such as a challenge of the denial of bail pending an appeal, but ‘purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of [the PCR statute]....’” Putnam, 963 So.2d at 1234 (¶ 5) (quoting Walker, 555 So.2d at 740-41). As such, a PCR motion is meaningless when filed in a court having no authority over the custody of the person being detained.
¶ 17. Here, Brown invites us to widen the PCR statute’s net by liberally interpreting the legislature’s 2009 amendment to allow PCR eligibility for movants *650 who have served time in the custody of the MDOC but who have either been permanently released from the MDOC or whose custody is no longer under the control of the State of Mississippi at the time of the PCR motion’s filing. We decline Brown’s invitation since such an expansion would eviscerate the very purpose of the PCR statute’s enactment.
¶ 18. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING, P.J., BARNES AND RUSSELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J., MAXWELL AND FAIR, JJ.

. We note that the current version of Mississippi Code Annotated section 99-39-5(1) (Supp.2011) remains unchanged from the version in the 2009 Supplement.