IRVING, P.J.,
for the Court:
¶ 1. John W. Barrett filed a petition for a writ of habeas corpus in the Lauderdale County Circuit Court, asserting that the indictment was defective and did not charge him with murder. He further argued that he was being falsely imprisoned as a result of the allegedly defective indictment. The circuit court, treating the petition as a motion requesting post-conviction relief (PCR), denied the motion. Feeling aggrieved, Barrett appeals and argues that the circuit court erred in treating the petition as a PCR motion, in denying the motion, and in its interpretation of what is required for an indictment to be constitutionally valid.
¶ 2. Finding that the circuit court had no jurisdiction to consider the motion, we vacate its judgment and dismiss this appeal.
FACTS
¶ 3. In February 2001, Barrett and Mary Ann Adams were convicted of murder for the death of Mary Ann Woolf. Both Adams and Barrett appealed their convictions, which were affirmed by this Court in 2002. Adams v. State, 851 So.2d 366, 370 (¶ 1) (Miss.Ct.App.2002). Since his conviction, Barrett has filed three applications with the Mississippi Supreme Court for leave to seek post-conviction relief in the circuit court. The supreme court has denied all of Barrett’s requests and, in its order denying Barrett’s last request, warned him against future frivolous filings. He was assessed a $100 sanction in November 2011 after filing his third application.
¶ 4. In February 2012, Barrett filed a petition for a writ of habeas corpus in the circuit court, claiming that the circuit court did not have jurisdiction to try or convict him because the indictment was defective. The indictment reads, in pertinent part:
The [g]rand [j]ury for the State of Mississippi, taken from the body of good and lawful men and women of Lauder-dale County ... in the name and by the authority of the State of Mississippi[,] ... present that MARY ANN ADAMS [and] JOHN WILLIAM BARRETT in Lauderdale County, Mississippi, on or about the 7th day of June, A.D., 1998, did willfully, unlawfully, and feloniously and of her malice aforethought or with deliberate design to effect the death of MARY ANN WOOLF, did kill and murder MARY ANN WOOLF, a human being, without authority of law and not in necessary self[-] defense, by drowning her and, if not this greater crime, then the lesser crime of [mjanslaughter for having killed MARY ANN WOOLF by drowning her without any design to effect her death; in violation of Mississippi Code Annotated Section 97-3-19(1) and Section 97-3-33 ... against the peace and dignity of the State of Mississippi.
(Emphasis added).
¶ 5. Barrett claimed that because the indictment contained the word “her” in reference to the defendants, it only indicted Adams for murder and did not indict him for any crime. He further contended that he had been falsely imprisoned as a result of the defective indictment. As stated, the circuit court considered Barrett’s petition on the merits and disposed of it as a PCR motion, stating that Barrett merely pointed out a clerical error in the indictment and that the indictment contained all of the necessary elements mandated by the Uniform Circuit and County Court Rules, the Mississippi Code, and the case law from our supreme court.
¶ 6. Additional facts, as necessary, will be related in the analysis and discussion of the issue.
*398 ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Barrett contends that the circuit court erred in treating his petition as a PCR motion. We disagree. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) “abolishes the common[-]law writs relating to post-conviction collateral relief, including ... post-conviction habeas corpus, as well as statutory post-conviction habeas corpus.” Miss. Code Ann. § 99-39-3(1) (Rev.2007). In repealing post-conviction use of habeas corpus, the UPCCRA “implemented a motion framework specifically for post-conviction collateral review of challenges to convictions and sentences[.]” Edmond v. Miss. Dep’t of Corr., 783 So.2d 675, 677 (¶ 8) (Miss.2001) (citations omitted). Pleadings that are “cognizable under the UPCCRA will be treated as [PCR motions] that [are] subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading[s].” Knox v. State, 75 So.3d 1030, 1035 (¶ 12) (Miss.2011) (citations omitted). Because Barrett’s petition challenged his conviction, it was cognizable under the UPCCRA. Accordingly, the circuit court properly treated Barrett’s petition as a PCR motion.
¶8. Mississippi Code Annotated section 99-39-7 (Supp.2012) provides that when a petitioner has appealed his conviction and sentence to the supreme court or this Court, and his conviction and sentence have been affirmed or his appeal has been dismissed, the petitioner must obtain permission from the Mississippi Supreme Court to file a PCR motion in the circuit court. See Wardley v. State, 37 So.3d 1222, 1224-25 (¶ 8) (Miss.Ct.App.2010). “This procedure is not merely advisory, but jurisdictional.” Cortez v. State, 9 So.3d 445, 446 (¶ 6) (Miss.Ct.App.2009) (quoting Doss v. State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000)). As stated, Barrett appealed his conviction and sentence, and this Court affirmed his conviction and sentence. Our supreme court did not grant Barrett permission to file a PCR motion. Therefore, the circuit court lacked jurisdiction to entertain Barrett’s motion.
¶ 9. “If the circuit court did not have jurisdiction to address the defendant’s [PCR motion], the appellate court is also without jurisdiction.” Id. (citing Wheeler v. State, 903 So.2d 756, 758 (¶ 6) (Miss.Ct.App.2005)). Accordingly, this Court has no jurisdiction to consider Barrett’s motion.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS VACATED, AND THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.