# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01098-COA

GARRETT BIRMINGHAM                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                        APPELLEE

DATE OF JUDGMENT:                 05/02/2013
TRIAL JUDGE:                      HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:        LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           GARRETT BIRMINGHAM (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:          MOTION FOR POST-CONVICTION RELIEF
                                  DISMISSED FOR LACK OF JURISDICTION
DISPOSITION:                      AFFIRMED: 10/14/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     In 1997, fourteen-year-old Garrett Birmingham was charged with shooting into an occupied dwelling.  As part of a plea negotiation, Birmingham pleaded guilty on February 23, 1998, to a conspiracy charge.  The State noted at the plea hearing that Birmingham had been certified by the youth court to the Lee County Circuit Court because the charge had originally involved a firearm.  Defense counsel also reassured the court that Birmingham's mother assisted in the plea negotiation and in explaining things to her son.  Because of his age, the circuit court sentenced Birmingham to five years in the custody of the Mississippi

Department of Corrections (MDOC), with five years suspended, followed by five years of supervised probation upon successful completion of the Regimented Inmate Discipline Program. Birmingham was subsequently arrested in a drive-by shooting, and on October 21, 1999, his probation was revoked by the circuit court. He was remanded into custody to serve the remainder of his five-year sentence.

¶2. Birmingham is now incarcerated in a federal correctional facility on another sentence. He filed a motion for post-conviction relief (PCR) on January 31, 2013, requesting that his 1998 conviction be vacated.[1] On May 6, 2013, the Lee County Circuit Court dismissed the motion for lack of jurisdiction pursuant to Mississippi Code Annotated 99-39-5(1) (Supp. 2012). Birmingham filed a motion to reconsider, which was denied.

¶3. On appeal, we find that the circuit court lacked jurisdiction to consider Birmingham's PCR motion, and we affirm the judgment.

## STANDARD OF REVIEW

¶4. This Court reviews a circuit court's dismissal of a PCR motion for abuse of discretion. *Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013) (citing *Crosby v. State,* 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). "We will only reverse if the circuit court's decision was clearly erroneous." *Id*. Questions of law are reviewed de novo. *Id*. (citation omitted).

---

[1] Birmingham actually filed a motion for a writ of error coram nobis that the circuit court properly treated as a motion for PCR pursuant to Mississippi Code Annotated section 99-39-3 (Rev. 2007), which "abolishe[d] the common law writs relating to post-conviction collateral relief[.]"

DISCUSSION

¶5. In his PCR motion, Birmingham argued that his 1998 guilty plea was obtained through fraud and that he was actually innocent. Specifically, he contended that because he was a minor when he was convicted, the circuit court did not have jurisdiction over him. However, because we find that Birmingham lacks standing to bring his PCR motion, we need not address the merits of his claims.

¶6. Prior to 2009, Mississippi Code Annotated section 99-39-5(1) stated that eligibility to file a PCR motion extended only to those individuals who were "in custody" in Mississippi. In 2009, the statute was amended to expand the range of individuals who may file a motion for PCR to include the following:

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal . . . .

Miss. Code Ann. § 99-39-5(1).

¶7. In *Brown v. State*, 90 So. 3d 645 (Miss. Ct. App. 2012), this Court discussed the 2009 amendment as it applied to a petitioner who was in custody out of state, and who had served and been released from his sentence in Mississippi. We concluded:

> Here, Brown invites us to widen the PCR statute's net by liberally interpreting the legislature's 2009 amendment to allow PCR eligibility for movants who have served time in the custody of the MDOC but who have either been permanently released from the MDOC or whose custody is no longer under the control of the State of Mississippi at the time of the PCR motion's filing. We

3

decline Brown's invitation since such an expansion would eviscerate the very purpose of the PCR statute's enactment.

*Id.* at 649-50 (¶17); *see also Wilson v. State*, 76 So. 3d 733, 736 n.3 (Miss. Ct. App. 2011) (finding that "even under the expanded standing requirements" of the 2009 amendment, the defendant lacked standing to challenge "his 1994 conviction, [because] he was no longer incarcerated for that conviction, nor was he on parole or probation for that conviction").

¶8. Birmingham's sentence for his 1998 conviction expired in 2004, nine years prior to the filing of his motion. Although Birmingham is currently incarcerated in a federal correctional facility on another charge, he has been released from his Mississippi sentence and is not "on parole or probation or subject to sex offender registration" in Mississippi.

¶9. Accordingly, we find Birmingham is not eligible to file a motion for PCR for his 1998 Mississippi conviction, and our Court, like the circuit court, lacks jurisdiction to consider his PCR motion. *See Barrett v. State*, 119 So. 3d 396, 398 (¶9) (Miss. Ct. App. 2013) ("If the circuit court did not have jurisdiction to address the defendant's PCR motion, the appellate court is also without jurisdiction.") (citation omitted).

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.**

**LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND MAXWELL, J.**

**ROBERTS, J., CONCURRING IN RESULT ONLY:**

¶11. I concur with the summary dismissal of Birmingham's PCR motion, albeit not for the

same reason stated by the circuit court and the majority. Instead, for the same reasons as I expressed in my specially concurring opinion in *Brown v. State*, 90 So. 3d 645, 650-52 (¶¶19-24) (Miss. Ct. App. 2012), I would find that Birmingham had standing to bring his PCR motion. In 2009, the Legislature amended Mississippi Code Annotated section 99-39-5(1), which previously read: "Any prisoner in custody under sentence of a court of record . . . ." The amendment removed the phrase "prisoner in custody under" and replaced it with following new language: "Any person sentenced by a court of record . . . ." It is my humble opinion that the Legislature fully intended to significantly expand the concept of standing in the PCR context when it purposely eliminated the phrase "prisoner in custody" and replaced it with "[a]ny person[.]" Undoubtedly, Birmingham was a "person sentenced by a court of record" when he filed his PCR motion. I submit that he did have standing to file his PCR motion in the circuit court; thus, the circuit court erred in dismissing Birmingham's PCR motion for lack of jurisdiction.

¶12. Because I would find that Birmingham has standing to file his PCR motion, I also address the contention in his PCR motion. On appeal, Birmingham argues that his "[d]ue [p]rocess [r]ights under the Fifth and Fourteenth Amendments to the United States Constitution have been violated by the . . . [c]ircuit [c]ourt . . . , when it accepted a [guilty] plea from [him] without him first being properly found to be charged as an adult." Essentially, he argues that the circuit court lacked jurisdiction to accept his guilty plea because the youth court had exclusive jurisdiction. While Birmingham does have standing to file his PCR motion, his motion is procedurally barred, because it is untimely. Mississippi

5

Code Annotated section 99-39-5(2) provides that the PCR motion "shall be made . . . in [the] case of a guilty plea, within three (3) years after entry of judgment of conviction." There are exceptions to the time-bar found in Mississippi Code Annotated section 99-39-5(2)(a)(i-ii)-(b), which are as follows:

> That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

> That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

> Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

The very issues Birmingham raises on appeal do not fall within any of the above exceptions. They are the customary grounds found in section 99-39-5(1) and should have been brought within three years after his guilty plea. They were not. Therefore, I would summarily dismiss Birmingham's PCR motion because, on its face, it is time-barred.

**GRIFFIS, P.J., AND MAXWELL, J., JOIN THIS OPINION.**