BARNES, J.,
for the Court:
¶ 1. In 1997, fourteen-year-old Garrett Birmingham was charged with shooting into an occupied dwelling. As part of a plea negotiation, Birmingham pleaded guilty on February 28, 1998, to a conspiracy charge. The State noted at the plea hearing that Birmingham had been certified by the youth court to the Lee County Circuit Court because the charge had originally involved a firearm. Defense counsel also reassured the court that Birmingham’s mother assisted in the plea negotiation and in explaining things to her son. Because of his age, the circuit court sentenced Birmingham to five years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended, followed by five years of supervised probation upon successful completion of the Regimented Inmate Discipline Program. Birmingham was subsequently arrested in a drive-by shooting, and on October 21, 1999, his probation was revoked by the circuit court. He was remanded into custody to serve the remainder of his five-year sentence.
¶ 2. Birmingham is now incarcerated in a federal correctional facility on another sentence. He filed a motion for post-conviction relief (PCR) on January 31, 2013, requesting that his 1998 conviction be vacated.[1] On May 6, 2013, the Lee County Circuit Court dismissed the motion for lack of jurisdiction pursuant to Mississippi Code Annotated 99-39-5(1) (Supp.2012). Birmingham filed a motion to reconsider, which was denied.
¶ 3. On appeal, we find that the circuit court lacked jurisdiction to consider Birmingham’s PCR motion, and we affirm the judgment.
STANDARD OF REVIEW
¶ 4. This Court reviews a circuit court’s dismissal of a PCR motion for abuse of discretion. Williams v. State, 110 So.3d 840, 842 (¶ 11) (Miss.Ct.App.2013) (citing Crosby v. State, 16 So.3d 74, 77 (¶ 5) (Miss.Ct.App.2009)). “We will only reverse if the circuit court’s decision was clearly erroneous.” Id. Questions of law are reviewed de novo. Id. (citation omitted).
DISCUSSION
¶ 5. In his PCR motion, Birmingham argued that his 1998 guilty plea was obtained through fraud and that he was actually innocent. Specifically, he contended that because he was a minor when he was convicted, the circuit court did not have jurisdiction over him. However, because we find that Birmingham lacks standing to bring his PCR motion, we need not address the merits of his claims.
*599 ¶ 6. Prior to 2009, Mississippi Code Annotated section 99-89-5(1) stated that eligibility to file a PCR motion extended only to those individuals who were “in custody” in Mississippi. In 2009, the statute was amended to expand the range of individuals who may file a motion for PCR to include the following:
Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal....
Miss.Code Ann. § 99-39-5(1).
¶ 7. In Brown v. State, 90 So.3d 645 (Miss.Ct.App.2012), this Court discussed the 2009 amendment as it applied to a petitioner who was in custody out of state, and who had served and been released from his sentence in Mississippi. We concluded:
Here, Brown invites us to widen the PCR statute’s net by liberally interpreting the legislature’s 2009 amendment to allow PCR eligibility for movants who have served time in the custody of the MDOC but who have either been permanently released from the MDOC or whose custody is no longer under the control of the State of Mississippi at the time of the PCR motion’s filing. We decline Brown’s invitation since such an expansion would eviscerate the very purpose of the PCR statute’s enactment.
Id. at 649-50 (¶ 17); see also Wilson v. State, 76 So.3d 733, 736 n. 3 (Miss.Ct.App. 2011) (finding that “even under the expanded standing requirements” of the 2009 amendment, the defendant lacked standing to challenge “his 1994 conviction, [because] he was no longer incarcerated for that conviction, nor was he on parole or probation for that conviction”).
¶ 8. Birmingham’s sentence for his 1998 conviction expired in 2004, nine years prior to the filing of his motion. Although Birmingham is currently incarcerated in a federal correctional facility on another charge, he has been released from his Mississippi sentence and is not “on parole or probation or subject to sex offender registration” in Mississippi.
¶ 9. Accordingly, we find Birmingham is not eligible to file a motion for PCR for his 1998 Mississippi conviction, and our Court, like the circuit court, lacks jurisdiction to consider his PCR motion. See Barrett v. State, 119 So.3d 396, 398 (¶ 9) (Miss.Ct.App.2013) (“If the circuit court did not have jurisdiction to address the defendant’s PCR motion, the appellate court is also without jurisdiction.”) (citation omitted).
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE, C.J., IRVING, P.J., ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND MAXWELL, J.

. Birmingham actually filed a motion for a writ of error coram nobis that the circuit court properly treated as a motion for PCR pursuant to Mississippi Code Annotated section 99-39-3 (Rev. 2007), which "abolishe[d] the common law writs relating to post-conviction collateral relief[.]”