ROBERTS, J.,
concurring in result only:
¶ 11. I concur with the summary dismissal of Birmingham’s PCR motion, albeit not for the same reason stated by the circuit court and the majority. Instead, for the same reasons as I expressed in my *600 specially concurring opinion in Brown v. State, 90 So.3d 645, 650-52 (¶¶ 19-24) (Miss.Ct.App.2012), I would find that Birmingham had standing to bring his PCR motion. In 2009, the Legislature amended Mississippi Code Annotated section 99-39-5(1), which previously read: “Any prisoner in custody under sentence of a court' of record....” The amendment removed the phrase “prisoner in custody under” and replaced it with following new language: “Any person sentenced by a court of record .... ” It is my humble opinion that the Legislature fully intended to significantly expand the concept of standing in the PCR context when it purposely eliminated the phrase “prisoner in custody” and replaced it with “[a]ny person[.]” Undoubtedly, Birmingham was a “person sentenced by a court of record” when he filed his PCR motion. I submit that he did have standing to file his PCR motion in the circuit court; thus, the circuit court erred in dismissing Birmingham’s PCR motion for lack of jurisdiction.
¶ 12. Because I would find that Birmingham has standing to file his PCR motion, I also address the contention in his PCR motion. On appeal, Birmingham argues that his “[d]ue [pjrocess [rjights under the Fifth and Fourteenth Amendments to the United States Constitution have been violated by the ... [cjircuit [cjourt ..., when it accepted a [guilty] plea from [him] without him first being properly found to be charged as an adult.” Essentially, he argues that the circuit court lacked jurisdiction to accept his guilty plea because the youth court had exclusive jurisdiction. While Birmingham does have standing to file his PCR motion, his motion is procedurally barred, because it is untimely. Mississippi Code Annotated section 99-39-5(2) provides that the PCR motion “shall be made ... in [the] case of a guilty plea, within three (3) years after entry of judgment of conviction.” There are exceptions to the time-bar found in Mississippi Code Annotated section 99-39-5(2)(a)(i — ii)—(b), which are as follows:
That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
The very issues Birmingham raises on appeal do not fall within any of the above exceptions. They are the customary grounds found in section 99-39-5(1) and should have been brought within three years after his guilty plea. They were not. Therefore, I would summarily dismiss Bir *601 mingham’s PCR motion because, on its face, it is time-barred.
GRIFFIS, P.J., AND MAXWELL, J., JOIN THIS OPINION.